**BAUMHOFF v. UNITED STATES.**

No. 4552.

United States Court of Appeals Tenth Circuit.

Nov. 25, 1952.

Rehearing Denied Dec. 31, 1952.

Milton Zacharias, Wichita, Kan., for appellant.

Robert H. Bingham, Asst. U. S. Atty., Topeka, Kan. (Eugene W. Davis, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order discharging a writ of habeas corpus. Baumhoff,

hereinafter called Petitioner, was charged by an indictment containing 14 counts with violations of 18 U.S.C.A. § 338 [now § 1341]. He entered pleas of guilty thereto and was sentenced to terms of imprisonment aggregating 12 years. On October 5, 1945, Petitioner was conditionally discharged on parole. On that date, 2285 days of the aggregate sentence remained unserved. On April 7, 1949, Petitioner was taken into custody on a parole violator's warrant. His parole was revoked and he was recommitted to serve the unserved portion of the aggregate sentence.

Petitioner contends that during the time he was released on parole he was entitled to be credited with good time allowance computed monthly and credited as earned under 18 U.S.C.A. § 4161, and that, if so credited, he was entitled to discharge.

It is true that during the time a prisoner is at large on parole he remains in constructive custody.[1] But during the time Baumhoff was at large on parole, he was not confined in a penal or correctional institution. Section 4161, supra, providing for good time allowances, by its express terms is applicable only to a prisoner while "confined in a penal or correctional institution for a definite term other than for life". 18 U.S.C.A. § 4207 provides that if an order of parole shall be revoked and the parole terminated the prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced; and 18 U.S.C.A. § 4205 provides that the unexpired term of imprisonment of a parolee who is taken into custody under a parole violator's warrant "shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

We think it perfectly clear that when the three statutory provisions to which we have referred are read together, a prisoner, during the time he is released on parole, is not entitled to credit for good time.[2]

Affirmed.

---

1. Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247; Rosenthal v. Hunter, 10 Cir., 164 F.2d 949, 950; U.

S. ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94, 96.

2. See Hedrick v. Steele, 8 Cir., 187 F.2d 261, 262–263.