Benjamin Burk **HUTCHISON**, Petitioner,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, and the Colorado State Board of Parole et al., Respondents.

Civ. A. No. 67–C–52.

United States District Court
D. Colorado.

May 3, 1967.

**434**

Donald K. Bain, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen. of State of Colorado, Robert C. Miller, Asst. Atty. Gen., Denver, Colo., for respondents.

### MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Petitioner seeks the issuance of a writ of habeas corpus. Named as respondents are the Warden of the Colorado State Penitentiary and the Colorado State Board of Parole. Petitioner questions the validity of the revocation of his parole status.

Counsel was appointed to represent petitioner and following the filing of the traverse by the attorney appointed, the matter was set down for hearing.

Petitioner's contentions are: *first,* that he was arrested for parole violation without a warrant or without probable cause for his arrest; *secondly,* he maintains that he was denied due process in that he was not given a hearing on the charges against him at the time of his arrest and was not given an adequate hearing on parole violation at the penitentiary following his removal from the place of arrest to the penitentiary. He maintains that the Parole Board did not give him adequate notice of the alleged violation, denied him the right of counsel

at the hearing, and failed to present witnesses to testify to violations.

The traditional view is that one who is on parole is granted a special privilege to be outside the walls of the institution while serving his sentence. It is often expressed in terms of parole being a matter of legislative grace. At the same time the parolee remains in constructive custody and is subject to be returned to the enclosure at any time. C.R.S.1963, 39–18–6, 39–18–7. See also Baumhoff v. United States, 10 Cir. 1953, 200 F.2d 769, and see Jenkins v. Madigan, 7 Cir. 1954, 211 F.2d 904, cert. denied 348 U.S. 842, 75 S.Ct. 63, 99 L.Ed. 664. While the petitioner's liberty cannot be terminated without reason, it does not follow that he is entitled to all of the constitutional procedures and safeguards guaranteed by the due process clause of the Fourteenth Amendment. Thus, he is not entitled to a speedy public trial pursuant to the Sixth Amendment, but is entitled to a fair hearing for the purpose of ascertaining whether or not he has violated his parole.

In essence, petitioner complains that he was denied counsel at the hearing and was not confronted with witnesses against him. It may be that the law in this respect will change. We note the decision of the United States Supreme Court made recently to review two Washington State cases involving revocation of probation. See Mempa v. Rhay, 386 U.S. 907, 87 S.Ct. 849, 17 L.Ed.2d 781 and Walkling v. Rhay, 386 U.S. 907, 87 S.Ct. 852, 17 L.Ed.2d 781. In those cases the question would appear to be whether a defendant in a state court is entitled to counsel at a probation revocation proceeding. But even if the Supreme Court concludes that a probationer is entitled to counsel in a revocation proceeding, there remains basis for distinction between parole revocation and probation revocation. The probationer has a substantially different status from that of the parolee. The imposition of sentence in his case has been suspended and thus unlike the parolee he is not *serving* a

sentence while on probation. Indeed, it would seem desirable as a matter of policy to have counsel in the probation hearing.

The hearing before the Parole Board is an inquiry as to whether there has been a violation of parole, and if so, whether the best interests of the public and of the parolee will be served by continuation of parole, revocation or suspension. In reviewing the proceedings before the Parole Board on writ of habeas corpus, the Court is not concerned with the wisdom of the action taken. The scope of review is necessarily limited and the Court would not be justified in holding that the petitioner's constitutional rights were violated unless it appeared that the Board acted arbitrarily and capriciously. Unless, for example, the petitioner could show that he had not violated; that the charge was trumped up, or that the Board acted maliciously or fraudulently, it is doubtful whether he would have demonstrated that there had been a violation of any federally protected right.

It is impossible to see how a procedural deficiency in and of itself could furnish a basis for relief of the kind here sought in the light of the special relationship between the parolee and the Board. Certainly, there is no good reason for requiring such due process elements as a written charge, representation by counsel and adversary type trial. Gonzales v. Patterson, 10 Cir. 1966, 370 F.2d 94.

Following the hearing in this case we requested, and obtained a copy of the Rules and Regulations of the Colorado State Board of Parole. In pertinent part these regulations provide that the Board shall at its monthly meetings consider suspensions of paroles submitted by the Director. The rules further provide that where the parolee has been returned to custody he shall be brought before the Board, or two or more members thereof, for interview. The rules also provide that he shall be informed of the reason for the suspension and of grounds asserted for revocation, and "shall be given an opportunity to be heard in regard thereto."

A further regulation provides that the interviewing members shall decide whether the parole shall be continued, the suspension continued, or the parole revoked, and further provides that the decision shall be submitted by the entire Board for final determination.

As we view it, these regulations satisfy the requirements of law in that they adequately provide for an inquiry by the Board together with an opportunity for the parolee to be heard with respect to the alleged violations. We hold that more than this is not demanded by law and that the Constitution of the United States does not impose any further or additional requirements. See Johnson v. Tinsley, 234 F.Supp. 866, affirmed 337 F.2d 856; see also Gonzales v. Patterson, supra.

Petitioner herein does not contend that he is innocent; rather, his entire emphasis is on the proposition that he is entitled to and was denied procedural due process.

We conclude, however, that his petition is without merit—that he would be in a position to claim violation of his constitutional rights if, and only if the Parole Board had revoked his parole status because of some trivial or inconsequential matter or without making inquiry. The failure to give him a statement of charges or to have a formal trial at which the testimony of witnesses is presented, and failure to recognize a right of cross-examination do not furnish ground for federal action.

Petitioner's other contentions that he was arrested illegally and that he was not given an immediate hearing at the scene of the arrest, are without merit and must be rejected.

The Petition is denied and the Order to Show Cause is discharged.