**James E. McKENZIE, Petitioner,**

v.

**Merle R. SCHNECKLOTH, Respondent.**

**Civ. No. 69–1010.**

United States District Court
C. D. California.

July 23, 1969.

James E. McKenzie, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen.; Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner who is presently imprisoned pursuant to a parole cancellation order issued May 3, 1967 by the California Adult Authority. Petitioner was convicted of first degree robbery (Cal.Pen. Code, § 211) in 1956 and was sentenced to a term of from five years to life. Since that time he has been granted parole on four occasions, has violated the terms of those paroles, has been returned to prison, and his term has each time been refixed at the maximum in accordance with the Adult Authority's Resolution No. 171.

This is petitioner's second application for relief charging that the May 3, 1968 parole revocation has deprived him of his constitutional rights. The first application, Civil Case No. 68–621–AAH, U.S. District Court, Central District of California, charged that the Adult Authority did not have the power to redetermine a term of imprisonment once it had been initially set. This Court denied that petition on April 21, 1969.

The present petition assigns as grounds for relief several alleged defects

in a subsequent state conviction of a misdemeanor on March 4, 1968, which conviction led to the May 3, 1968 revocation of his parole from the 1956 conviction. Petitioner alleges that the misdemeanor conviction deprived him of his constitutional rights for the following reasons: (1) he was unlawfully arrested by officers who were out of their jurisdiction and did not have a warrant; (2) there was a conspiracy between his parole agent and the police officers whereby he was the victim of an unlawful search and seizure and was deprived of his Fourteenth Amendment rights to due process and equal protection.

It is unclear whether petitioner is attacking the parole revocation claiming that it is based upon the allegedly invalid conviction, or is attacking the conviction itself. However, after reviewing the petition and the arguments and authorities cited therein, this Court concludes that petitioner is not entitled to relief upon either ground and thus orders the petition for writ of habeas corpus be denied for the following reasons:

■ (1) If petitioner here seeks to attack the allegedly invalid conviction, it is clear that he is not entitled to relief from this Court since he has not exhausted his State remedies. He did not appeal his conviction and made no effort to seek State post-conviction relief. Since California State courts have not been given the opportunity to rule on the validity of this conviction, and since it does not appear that there is an absence of available State corrective processes, this Court should refrain from considering the merits of petitioner's contentions and should deny his petition at this time. 28 U.S.C. § 2254(b); Whippler v. Balcom, 342 F.2d 388, 390 (5th Cir. 1965).

■ (2) If we construe the petition as attacking the revocation of petitioner's parole, petitioner has not provided this Court with sufficient facts to enable us to find that the Parole Board acted without authority or abused its discretion in revoking petitioner's parole. Even if we accept petitioner's contention of the invalidity of the misdemeanor conviction as true, that fact, per se, does not establish that the Parole Board (1) based its revocation solely on the questionable conviction, or (2) did not have sufficient evidence before it to justify revocation.

If petitioner had established that the parole revocation was based solely upon the allegedly invalid conviction, this Court would be required to conduct an evidentiary hearing to determine the constitutional validity of that conviction. Smiley v. Wilson, 378 F.2d 144, 148–149 (9th Cir. 1967). Petitioner has not established this fact, and the scope of our review of the Parole Board's actions is limited. Hutchison v. Patterson, 267 F. Supp. 433, 435 (D.Colo. 1967). This Court would not be justified in holding that petitioner's constitutional rights were violated unless it appeared that the Board acted arbitrarily and capriciously. Hutchison v. Patterson, *supra* at 435. Since under California law, conduct other than conviction of a crime can properly be the basis for revocation of parole (In Re Anderson, 107 Cal.App.2d 670, 671, 237 P.2d 720, 721 (1951) ), petitioner clearly has not shown arbitrary or capricious action by the Parole Board, and consequently, no constitutional question is raised. Dunn v. California Department of Corrections, 401 F.2d 340, 342 (9th Cir. 1968).

From the preceding analysis of petitioner's contentions, it is apparent that there are no grounds or reasons of any kind set forth to support the granting of an evidentiary hearing or to support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.