**James E. McKENZIE, Petitioner,**

**v.**

**Merle R. SCHNECKLOTH et al.,
Respondent.**

**No. 69-1837.**

United States District Court
C. D. California.

Jan. 30, 1970.

---

James E. McKenzie, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner who is presently imprisoned pursuant to a parole cancellation order issued May 3, 1967 by the California Adult Authority. Petitioner was convicted of first degree robbery (Cal.Pen.Code, § 211) in 1956 and was sentenced to a term of from five years to life. Since that time he has been granted parole on four occasions, has violated the terms of those paroles, has been returned to prison, and his term has each time been refixed at the maximum in accordance with the Adult Authority's Resolution No. 171.

This is petitioner's third application for relief charging that the May 3, 1968 parole revocation has deprived him of his constitutional rights. The first application, Civil Case No. 68–621–AAH, U.S. District Court, Central District of California, charged that the Adult Authority did not have the power to redetermine a term of imprisonment once it had been initially set. This Court denied that petition on April 21, 1969. In the second application, Petitioner alleged as grounds for relief several defects in a March 4, 1968 state misdemeanor conviction, which conviction purportedly led to the May 3, 1968 revocation of Petitioner's parole. On July 23, 1969, this Court, in a published opinion, 301 F. Supp. 891 (C.D.Cal., 1969), denied the second Petition for Writ of Habeas Corpus. This Court found that Petitioner had failed to establish that the sole basis for the revocation of his parole was the allegedly invalid conviction, and that this Court "would not be justified in holding that petitioner's constitutional rights were violated" because "petitioner clearly has not shown arbitrary or capricious action by the Parole Board, * * *." 301 F.Supp. at 892.

The main contentions of the present Petition are that Petitioner's parole was revoked solely because of the misdemeanor conviction and that the California Adult Authority acted arbitrarily and capriciously in revoking Petitioner's parole.

After reviewing the Petition, the Response, the Traverse to the Response, the arguments and authorities set forth by the parties, and the records of the California Adult Authority dealing with the May 3, 1968 revocation of parole, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

■ The allegations in this Petition are very similar to the contentions that were considered and rejected by this Court in our published opinion of July 23, 1969, 301 F.Supp. 891, and there is no obligation upon the Court to reconsider the issues. After a petition for writ of habeas corpus has been denied by a court of the United States after a hearing on the merits of an issue of law, "a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States * * * unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, * * *." 28 U.S.C. § 2244(b) (Supp., 1967).

■ But we have undertaken to examine Petitioner's contentions and we find that the records of the California Adult Authority serve only to strengthen and reaffirm this Court's earlier belief that Petitioner's parole was not revoked solely because of the misdemeanor conviction and that the California Adult Authority did not act arbitrarily or capriciously. The records clearly demonstrate that Petitioner's parole was revoked because the California Adult Authority found that he had violated four conditions of his parole; namely, associating with paroles, driving without his parole agent's permission, failing to cooperate with his parole agent by living with a woman in a common-law relationship, and having a stolen credit card in his possession. "The Authority may revoke parole on such evidence as it determines is reasonable unless such action is arbitrary or capricious", and Petitioner has clearly failed to show that the Authority's action was arbitrary or capricious. Dunn v. California Department of Corrections, 401 F.2d 340 (9th Cir., 1968).

■ Further, in view of the similarity and virtual identity between the contentions of the present and the previous petitions, this Court believes that even if one construes the present Petition as setting forth new allegations, the belated presentation of these new allegations shows that Petitioner deliberately withheld the newly asserted grounds and otherwise abused the Writ of Habeas Corpus. 28 U.S.C. § 2244(b) (Supp., 1967). "Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay." Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963).

From the preceding analysis of the contentions in the Petition, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of habeas corpus. The Petition is frivolous and an abuse of the processes of this Court.

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same, is denied; and further that a copy of the papers in this proceeding be forwarded immediately to the California Adult Authority for consideration in connection with determination of Petitioner's rehabilitation and eligibility for release from custody.