[Crim. No. 12723. First Dist., Div. Two. July 7, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
RAFAEL VALDEZ RUIZ, Defendant and Appellant.

## COUNSEL

Martin E. Henner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Ina L. Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BRAY, J.*—Defendant appeals from judgment of the Lake County Superior Court, after jury verdict, of conviction of violation of Health and Safety Code section 11357.

### QUESTIONS PRESENTED

1) The first and second prior convictions were admissible.

2) Trial counsel was not incompetent.

3) The parole consideration limitation is unconstitutional.

### RECORD

Defendant was charged by information with, and convicted by jury verdict of violation of section 11357 of the Health and Safety Code (possession of marijuana). He was also charged with, and admitted three prior convictions, the first two of which are hereinafter described. The third was a conviction in the San Diego County Superior Court (burglary). Inasmuch as no claim is made that the evidence does not support the verdict, it is unnecessary to discuss the evidence, other than to state that it amply supports the verdict.

1) *The prior convictions.*[1]

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Defendant does not challenge the third prior conviction (burglary) so the references hereinafter to prior convictions, unless otherwise stated, refer to the first and second convictions.

The first prior conviction was a violation of 21 United States Code section 174 (transportation of heroin). The second was a violation of 18 United States Code section 545 (importation of marijuana).

■ At the time of the first conviction 21 United States Code section 174 provided in part, "Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." Defendant contends that because in *Leary* v. *United States* (1969) 395 U.S. 6 [23 L.Ed.2d 57, 89 S.Ct. 1532], the Supreme Court held unconstitutional a similar presumption provided in 21 United States Code section 176a, the presumption in the statute under which he was convicted must necessarily be unconstitutional also. 21 United States Code section 176a prohibited the importation of marijuana or the receiving, selling, buying, transporting or concealing marijuana knowing it to have been brought into the United States contrary to law. The statute stated further, "Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

The decision in *Leary* is not applicable to the statute with which we are concerned in the first conviction.

The court in *Leary*, in determining whether the presumption denied petitioner due process, applied the standard "that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." (*Leary* v. *United States, supra,* 395 U.S. 6 at p. 36 [23 L.Ed.2d 57 at p. 82].)

The court stated, "We therefore must consider in detail whether the available evidence supports the conclusion that the 'knowledge' part of the § 176a presumption is constitutional under the standard established . . . that is, whether it can be said with substantial assurance that one in possession of marihuana is more likely than not to know that his marihuana was illegally imported." (*Leary* v. *United States, supra,* 395 U.S. 6 at pp. 45-46 [23 L.Ed.2d 57 at p. 87].) After considering the available evidence the court concluded, "In short, it would be no more

than speculation were we to say that even as much as a majority of possessors 'knew' the source of their marihuana." (*Leary* v. *United States, supra,* at p. 53 [23 L.Ed.2d at p. 91].)

The court found unconstitutional that part of the presumption which related to a defendant's knowledge that the marijuana was illegally imported. However, that the court considered the presumption in 21 United States Code section 174 (the section which defendant in the instant case attacks) might call for a different conclusion was indicated in a footnote stating: ". . . we intimate no opinion whatever about the continued validity of the presumption relating to 'hard' narcotics, which was sustained in *Yee Hem* and is now found in 21 U.S.C. § 174. As will appear, our holding that the § 176a 'knowledge' presumption is unconstitutional rests entirely upon a detailed inquiry into the available facts about the state of mind of marihuana users. The facts regarding 'hard' narcotics may well be significantly different." (*Leary* v. *United States, supra,* 395 U.S. 6 at p. 45 [23 L.Ed. 57 at p. 87].) The *Yee Hem* decision referred to in the footnote upheld a presumption that possession of smoking opium was sufficient evidence to authorize conviction of concealing such opium knowing it to have been illegally imported, unless the defendant could explain the possession to the satisfaction of the jury. (*Yee Hem* v. *The United States* (1925) 268 U.S. 178 [69 L.Ed. 904, 45 S.Ct. 470].)

And, in *Turner* v. *United States* (1970) 396 U.S. 398 [24 L.Ed.2d 610, 90 S.Ct. 642], the Supreme Court granted a writ of certiorari to reconsider in light of the *Leary* decision whether the presumption authorized by 21 United States Code section 174 was constitutionally permissible when applied to possession of heroin. In *Turner* one of the charges against the petitioner was a violation of 21 United States Code section 174 by knowingly receiving, concealing, and facilitating the transportation and concealment of *heroin* while knowing that the heroin had been unlawfully imported into the United States. At trial the government presented evidence of the seizure of a package containing heroin from under the front seat of the car in which petitioner had been. No evidence was presented of the origin of the heroin possessed by petitioner, and he did not testify. The jury was instructed in accord with 21 United States Code section 174 that it could infer from petitioner's unexplained possession of the heroin that he knew that the heroin had been unlawfully imported. The petitioner was convicted.

The Supreme Court affirmed the conviction and stated: ". . . the inference authorized by the section, although frequently challenged, has been upheld in this Court and in countless cases in the district courts and courts of appeals, these cases implicitly reflecting the prevailing judicial view that heroin is not made in this country but rather is imported from abroad. . . . [¶] This view is supported by other official sources." (*Turner, supra,* at pp. 409-410 [24 L.Ed.2d at p. 620].) The court said further, " 'Common sense' (*Leary* v. *United States, supra,* at 46) tells us that those who traffic in heroin will inevitably become aware that the product they deal in is smuggled, unless they practice a studied ignorance to which they are not entitled." (*Turner, supra,* at p. 417 [24 L.Ed.2d at p. 624].)

It is clear under the *Turner* decision that defendant's contention as regards the presumption applicable to the first prior conviction must fail.

■ Defendant's attack òn the second prior conviction as not being an offense, the minimum elements of which meet the California definition of a comparable narcotics offense defined in division 10 of the Health and Safety Code, is wholly without merit. Defendant relies upon *People* v. *Murgia* (1967) 254 Cal.App.2d 386 [62 Cal.Rptr. 131], as authority, and asserts that his own prior conviction was of 18 United States Code, section 545, the same offense discussed in *Murgia.*

The cited case is of no aid to defendant. Therein the information charged defendant Murgia with the prior conviction of a federal offense "of the crime of Smuggling Narcotics, a felony." The court found that no comparable offense was defined in division 10 of the Health and Safety Code because "smuggling" within the meaning of the federal statute, 18 United States Code section 545, referred to the act of a defendant in surreptitiously and by concealment or fraud, avoiding customs and introducing goods into the United States. In *Murgia* only the term "smuggling" was considered and the court obviously turned to the definition of that term contained in the first paragraph of the federal statute. However, in the instant case the amended information charged defendant Ruiz with "importation of marijuana." The offense is described in the second paragraph of 18 United States Code section 545 as: "Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, òr sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—. . ." Such an offense if committed in this state clearly would be a violation of

section 11531 contained in division 10 of the Health and Safety Code.[2] Therefore, the prior conviction was admissible as an offense comparable to one contained in division 10 of the Health and Safety Code.

2) *Trial counsel.*

Defendant's only charge of incompetency of counsel is that he should have explored the effect of *Leary* v. *United States, supra,* 395 U.S. 6, and should have known that the second prior was not similar to those punishable in California. As we have shown, neither point has merit, so defense counsel cannot be charged with dereliction in not urging unfounded contentions.

3) *The parole consideration limitation is unconstitutional.*

■   Defendant contends that the provision in section 11357 of the Health and Safety Code (the section under which defendant was convicted) to the effect that a person convicted of possession of marijuana who has previously been convicted twice of narcotic violations such as shown in defendant's prior convictions, shall not be eligible for parole for a period of five years is unconstitutional as constituting cruel and unusual punishment.

Defendant relies on *In re Foss* (1974) 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], which held that the provision of former section 11501 (now § 11357) of the Health and Safety Code prohibiting the possibility of parole for 10 years of a defendant with a prior conviction was unconstitutional under California Constitution, article I, section 6, proscribing cruel and unusual punishment. In that case the defendant was convicted of five counts of furnishing heroin. He admitted being convicted some 14 years before the current charges of possession of heroin.

In *Foss* the court (p. 923) pointed out that the purpose of the California indeterminate sentence provisions was "to mitigate the punishment which would otherwise be imposed upon the offender." The

---

[2]Section 11531 reads in part: "Every person who transports, imports into this State, sells, furnishes, administers or gives away, or offers to transport, import into this State, sell, furnish, administer, or give away, or attempts to import into this State or transport any marijuana shall be punished by imprisonment in the state prison from five years to life and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than three years." Section 11531 has been replaced by section 11360.

court then quoted from *In re Lee* (1918) 177 Cal. 690, 692-693 [171 P. 958]: " 'These laws place emphasis upon the reformation of the offender. They seek to make the punishment fit the criminal rather than the crime. They endeavor to put before the prisoner great incentive to well-doing in order that his will to do well should be strengthened and confirmed by the habit of well-doing. Instead of trying to break the will of the offender and make him submissive, the purpose is to strengthen his will to do right and lessen his temptation to do wrong.' "

The *Foss* court then stated: "These principles are especially applicable in the case of a drug dependent addict with whom the period of incarceration can potentially be used to lessen the psychological and physiological compulsion exerted upon him by the addicting substance. These lofty ideals are thwarted, however, by the provision of section 11501 precluding parole consideration for a minimum of 10 years. Thus, even though the offender may have suffered a second conviction because of his addiction, once he has been able to overcome that addiction or show a real promise of rehabilitation and of being able to remain free of further narcotic usage he may not be tried under parole supervision but must still remain in prison until the expiration of the mandatory 10-year period. This hardly serves as an impetus towards 'well-doing' on the part of the prisoner." (*In re Foss, supra,* at pp. 923-924.)

The court refers to the recommendations of the President's Commission on Law Enforcement and Administration of Justice against the imposition of mandatory minimum sentences, and to the general opinion of experts on penology and criminal corrections to the effect that the goal of rehabilitating offenders with maximum effectiveness can best be reached with short sentences of less than five years' imprisonment.

The court at some length reviews the California laws providing limitations on parole consideration and states that, "it also appears that the provision in question for second offenders provided by section 11501 is unusual in its severity when compared with punishments imposed in California upon perpetrators of more serious crimes, including second offenders." (*In re Foss, supra,* at p. 925.) The court (pp. 928-929) considers the matter of parole limitations in other jurisdictions and concludes that the preclusion from parole consideration for 10 years imposed upon an offender with a prior drug conviction is unusually severe and in violation of the California Constitution.

In *Foss* (p. 919) the court stated that in *In re Lynch* (1972) 8 Cal.3d 410, 420-424 [105 Cal.Rptr. 217, 503 P.2d 921], it had ascertained three distinct techniques used in determining whether a punishment is disproportionate to the offense and applied that test in determining that the 10-year limitation for consideration for parole contained in section 11501 was unconstitutional. "The first such technique involves an examination of the nature of the offense and/or the offender, with particular regard to the degree of danger both present to the society." (*In re Foss, supra,* at p. 919.) In the instant case defendant was initially arrested for a violation of section 23102 of the Vehicle Code (driving while under the influence of alcohol or alcohol and drugs). Subsequently 17.58 grams of marijuana were found in his possession. His prior convictions occurred 18 and 20 years respectively prior to the present conviction. As was said in *Foss* (p. 920), "the nature of the offense and the offender with which we are concerned do not warrant the imposition of a prison term which absolutely precludes parole consideration for a minimum period" in the case at bench of five years. Although the minimum term for parole consideration here is 5 years while it was 10 in *Foss,* the type of narcotic there, heroin, was much more dangerous to society than is marijuana and if as *Foss* indicates there can be no absolute minimum parole consideration date for the offense there committed, it reasonably must be held that for the same reasons given in *Foss* there should be no minimum date here.

"Applying the second prong of the analysis described in *In re Lynch, supra,* 8 Cal.3d 410, 426-427, it also appears that the provision in question for second offenders provided by section 11501 is unusual in its severity when compared with punishments imposed in California upon perpetrators of more serious crimes, including second offenders." (*In re Foss, supra,* 10 Cal.3d 910 at p. 925.) That conclusion is well supported by the Supreme Court's comparison of California statutes and need not be repeated here. It is clear that under this second test, the minimum parole consideration date provided in 11357 may not stand.

The third analysis set forth in *In re Lynch, supra,* 8 Cal.3d 410, is to compare the California penalty to penalties in other jurisdictions for the same offense. The Supreme Court did that and concluded that the California provision was "unusually severe." The reasoning of the court with reference to the parole provision of then section 11501 fully applies to the parole provision of the section with which we are dealing. Additionally it is interesting to note that in the following states: Massachusetts, Illinois, Michigan, New Jersey, New York, Pennsylvania,

South Carolina, Texas, Wisconsin, and Colorado, there is no statutory minimum parole consideration time for any violation dealing with marijuana.

We paraphrase the court's statement in *Foss* (p. 929) substituting section 11357 for section 11501 therein stated: "In summary, we have concluded that the provision of section [11357] precluding parole consideration for a minimum period of [5] years imposed upon an offender with a prior drug conviction, without regard to the existence of such possible mitigating circumstances as the addict status of the offender, the quantity of narcotics involved, [or] the nature of the purchaser . . . is in violation of article I, section 6, of the California Constitution."

It may very well be that in this case, in view of defendant's priors and his record as shown in the report of the Bureau of Criminal Identification and Investigation and his past parole behavior, the parole board may determine that defendant does not justify admission to parole for a considerably long time in the future, but the absolute restriction of that consideration for five years is violative of defendant's constitutional rights.

In *Foss,* pursuant to section 11501, the defendant was sentenced to state prison for a term of 10 years to life. Upholding the validity of the statute providing for such punishment the Supreme Court said (p. 919): "The fact that a defendant imprisoned under an indeterminate sentence might be released by the Adult Authority prior to the expiration of the maximum term prescribed by law does not, therefore, affect the question whether that term constitutes cruel or unusual punishment."

Likewise, for the same reason defendant's sentence in the case at bench under section 11357 of from five years to life is not unconstitutional.

The provision of 11357 of the Health and Safety Code precluding parole consideration for defendant for a minimum of five years is invalid under article I, section 6, California Constitution and is therefore set aside. The Adult Authority is directed to grant parole consideration to defendant at such time as is otherwise appropriate under the laws of the state. Defendant is not entitled to release, however, until such time as the Adult Authority duly determines that he is eligible for parole under the five years to life validly imposed by section 11357.

The judgment is affirmed.

Taylor, P. J., concurred.

**ROUSE, J.**—Although I concur in the determination that the judgment be affirmed, I do not agree that, in those cases where a defendant stands convicted of a felony narcotics offense for at least the third time, a provision in the Health and Safety Code which precludes parole consideration for such person for a minimum of five years is so disproportionate that it "shocks the conscience and offends fundamental notions of human dignity" so as to constitute cruel or unusual punishment within the contemplation of our United States and California Constitutions. (*In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921].) I am satisfied, however, that for reasons set forth by my colleague, Mr. Justice Bray, in his opinion, the Supreme Court decision in the case of *In re Foss* (1974) 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], requires that we so hold.

A petition for a rehearing was denied August 6, 1975.