[Crim. No. 14356. First Dist., Div. One. Sept. 11, 1975.]

In re WILLIAM MAHOOD on Habeas Corpus.

## COUNSEL

Benjamin R. Winslow and Winslow & Schmidt, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg, John W. Runde and April K. Cassou, Deputy Attorneys General, for Respondent.

## OPINION

**SIMS, J.**—This matter is before the court on a return to an order to show cause issued by the Supreme Court in response to petitioner's

petition for habeas corpus in which he claims that the Department of Corrections erred in fixing his minimum parole date in a corrected "Notice of Legal Status."[1] On review of the record it is determined that the department erred in computing the minimum term and minimum eligible parole date in the amended notice. Although petitioner is not entitled to his freedom, he is entitled to have the record corrected accordingly.

The facts as they appear from the petition, the return to the order to show cause filed by the Attorney General on behalf of the Director of the Department of Corrections, and the traverse thereto filed on behalf of petitioner by counsel appointed by this court, are as follows:

On December 29, 1972, judgments of conviction were entered against defendant for eight offenses for which guilty verdicts had been returned following a jury trial.[2] Sentence was suspended on 3 counts and consecutive sentences were ordered with respect to the remaining 5, thereby subjecting the defendant to an aggregate minimum term of 19 years. The offenses and the respective minimum terms are set forth in the margin.[3]

---

[1] Petitioner sought relief on the grounds that the correction of the notice of legal status which increased his minimum term and minimum eligible parole date was an ex post facto attempt to increase the punishment for his crimes. (See U. S. Const., art. I, § 9, cl. 3, and § 10, cl. 1; *Calder* v. *Bull*, 3 U.S. (3 Dall.) 386, 389 [1 L.Ed. 648, 649-650]; and *In re Griffin* (1965) 63 Cal.2d 757, 760 [48 Cal.Rptr. 183, 408 P.2d 959].) He relied on *Love* v. *Fitzharris* (9th Cir. 1972) 460 F.2d 382, which involved a retroactive change in the rules observed in fixing sentences under statutes which the federal court found were uncertain (see pp. 384-385). Certiorari was granted in that case, and it was dismissed as moot. (*Fitzharris* v. *Love* (1973) 409 U.S. 1100 [34 L.Ed.2d 682, 93 S.Ct. 896].) Following issuance of an order to show cause and a traverse thereto, a similar petition was denied in Marin County on December 3, 1974, on the ground that the correction of petitioner's records was a ministerial act under the existing construction of statutory provisions. (Superior Court, Marin County, No. 72056.) Another petition had been denied without comment in the sentencing county on August 16, 1974 (Superior Court, Santa Clara County, No. 54837), as was also a subsequent petition to the Court of Appeal on March 18, 1975 (1 Crim. 14037, Div. One). A petition filed March 26, 1975, in the Supreme Court (Crim. 18549) gave rise to the present proceedings.

[2] These convictions were affirmed March 20, 1974, in *People* v. *Mahood* (1 Crim. 11520, Div. Three), and a petition for hearing in the Supreme Court was denied May 16, 1974.

| [3] COUNT | STATUTE | OFFENSE | MINIMUM SENTENCE |
|---|---|---|---|
| I | Pen. Code, § 207 | Kidnaping | Suspended |
| II | Pen. Code, § 211 | 1st Deg. Robbery | 5 yrs. (Pen. Code, § 213) |
| III | Pen. Code, § 459 | 1st Deg. Burglary | Suspended |
| IV | Pen. Code, § 261, subd. 3 | Rape. Threat of Great Bodily Harm | 3 yrs. (Pen. Code, § 264) |
| V | Pen. Code, § 261, subd. 3 | Rape. Threat of Great Bodily Harm | 3 yrs. (Pen. Code, § 264) |

Petitioner was received by the Department of Corrections on January 3, 1973, and on January 30, 1973, he was furnished a "Notice of Legal Status" which reflected the offenses and terms for which he had been sentenced. The minimum term was fixed at 10 years despite the aggregate minimum sentences of 19 years. In so computing, the records officer apparently followed the mandate of subdivision (d) of section 3024 of the Penal Code which provides in pertinent part as follows:

"The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence: . . . (d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years; . . ."

In accordance with the provisions of section 3049 of the Penal Code[4] petitioner's minimum eligible parole date was fixed at one-third of his minimum term, or three years and four months, which with credit for time served, made him eligible for consideration for release on parole on January 24, 1976, at the earliest.

Four months later the department furnished him with a corrected notice of status which prescribed a minimum term of 10 years plus 5 years, and a minimum eligible parole date computed at 6 years and 4 months. It added the one-third of the 10-year term for the aggregate 14 years minimum of the Penal Code violations, and the 3-year minimum eligibility for parole prescribed by section 11912 (now § 11379) of the Health and Safety Code. By this computation petitioner could not be released on parole prior to January 23, 1979.

| COUNT | STATUTE | OFFENSE | MINIMUM SENTENCE |
|---|---|---|---|
| VI | Pen. Code, § 288a | Sex Perversion. Threat of Great Bodily Harm | 3 yrs. (Pen. Code, § 288) |
| VII | Health & Saf. Code, § 11912 | Furnishing Restricted Dangerous Drugs | 5 yrs. (Health & Saf. Code, § 11912) |
| VIII | Pen. Code, § 236 | False Imprisonment with Menace | Suspended |

The abstract of judgment also prescribed 96 days credit for time served (see Pen. Code, § 2900.5). Petitioner was credited with three months and nine days on his original notice of status and three months and ten days on the corrected notice.

[4]Penal Code section 3049 provides in pertinent part: " . . . any prisoner, received on or after January 1, 1948, at any state prison or institution under the jurisdiction of the Director of Corrections, whose minimum term of imprisonment is more than one year, may be paroled at any time after the expiration of one-third of the minimum term. . . ."

There is no question of ex post facto punishment in this case. If the statutes direct the corrected minimums, the correction was properly made. On the other hand if the minimums fixed by the corrected notice are not warranted by the applicable statutes, or if they offend the proscription against cruel and unusual punishment,[5] they must be set aside.

The department, in justification of the corrected computation, relies upon two indexed letters of the Attorney General, (66/133 and 66/134) each dated August 25, 1966, in which he advised the department that the provisions of subdivision (d) of section 3024 did not apply to violations under the Health and Safety Code.

In the first instance it was opined that a person sentenced to the consecutive sentences for violation of section 11500 (now § 11350) of the Health and Safety Code, with two prior narcotic felony offenses separately charged and proved with respect to each count, would have to serve a minimum of 30 years and would not be eligible for parole until he served that period. The opinion also stated that subdivision (d) of section 3024 would have no application. Since the provisions of the statute fixing a minimum eligible parole date upon which the Attorney General relied have been declared invalid (see fn. 5 above), the first letter can have no effect either as a precedent or as an argument.

In the second letter the Attorney General concluded that the provisions of the Health and Safety Code govern the parole eligibility of narcotic offenders, and that such prisoners are not eligible for release on parole until they have served the minimum term of confinement specified by the statute under which the conviction was taken. Insofar as this conclusion is predicated upon carrying out the express mandate of the Legislature *and* such mandate does not offend the constitutional

---

[5] See: *In re Foss* (1974) 10 Cal.3d 910, 916-929 and 933 [112 Cal.Rptr. 649, 519 P.2d 1073] [mandatory 10-year minimum imprisonment before eligibility for parole for possession of marijuana with 2 prior narcotic convictions as prescribed by section 11357 of the Health and Safety Code held unconstitutional]; *In re Lynch* (1972) 8 Cal.3d 410, 424-439 [105 Cal.Rptr. 217, 503 P.2d 921] [aggravated penalty for second offense, indecent exposure, under section 314 of Penal Code held unconstitutional]; *People* v. *Ruiz* (1975) 49 Cal.App.3d 739, 745-749 [122 Cal.Rptr. 841] [mandatory five-year minimum imprisonment before eligibility for parole for possession of marijuana with two prior narcotic convictions as prescribed by section 11357 of the Health and Safety Code held unconstitutional]; and *People* v. *Malloy* (1974) 41 Cal.App.3d 944, 954 [116 Cal.Rptr. 592] [mandatory five-year minimum imprisonment before eligibility for parole for sale of LSD with prior narcotic conviction as prescribed by former section 11912 (now § 11379) of Health and Safety Code held unconstitutional], hearing denied by Supreme Court.

restraints on punishment, it cannot be questioned. The letter, and the position of the Attorney General in this proceeding, go farther however. It is contended that where multiple offenses with consecutive sentences are involved, the minimum eligible parole date should be computed by adding the minimum eligible parole date for non-narcotic offenses to the minimum parole date prescribed for the narcotic offense. This conclusion was adopted by the department September 1966, and was applied here in making the corrected computation. The Attorney General contended and contends that unless this is done a prisoner with multiple convictions and consecutive sentences would become eligible for parole earlier than a prisoner with only one conviction or with several concurrent sentences. He demonstrates that unless separate consideration is given the minimum eligible parole date for concurrent and consecutive sentences, when the statutory minimum sentence is under 10 years, the minimum period of incarceration may work out the same. The fact that it may do so is not necessarily wrong. The legislative mandate is satisfied in either case by service of the minimum period of incarceration. Whether or not the individual should be subjected to greater restraints is a matter to be determined in fixing the term and the actual parole date. Unquestionably there is more latitude for those purposes where the sentences are consecutive.

█ Turning to the instant case, section 11912 (now § 11379) of the Health and Safety Code prescribes service of a minimum of three years in prison by a first offender prior to release on parole.[6] The minimum eligible parole date as computed under sections 3024, subdivision (d), and 3049 of the Penal Code is three years and four months. There is, therefore, no need to disregard the provisions of section 3024, subdivision (d), in order to carry out the legislative mandate of three years prescribed in the Health and Safety Code.

We conclude that the provisions of the Penal Code relating to minimum sentences and minimum eligible parole dates are to be applied generally to all sentences prescribed by law. When a statute specifically fixes a minimum sentence and/or a minimum period of incarceration before parole, it must be satisfied if it does not violate provisions against cruel and unusual punishment (see fn. 5 above). There is no warrant,

---

[6]The minimum period of incarceration of three years and four months results in this case from the application of section 3024, subdivision (d), and section 3049 of the Penal Code. In view of the multiple offenses it rationally cannot be considered cruel and unusual punishment under the precedents noted above. (See fn. 5.) It is, therefore, unnecessary to review the three-year minimum of section 11912 (§ 11379) of the Health and Safety Code in the light of those precedents.

however, for making such minimums cumulative to the penalties for other offenses as separately computed.[7]

The order to show cause is discharged; the petition for habeas corpus is denied insofar as it seeks petitioner's release, and the director of corrections is directed to recompute petitioner's minimum sentence and minimum eligible parole date in accordance with the views expressed herein.

Molinari, P. J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 6, 1975.

---

[7] *In re Ward* (1964) 227 Cal.App.2d 369 [38 Cal.Rptr. 650] recognizes that the provisions of the Penal Code concerning the sentencing of youthful offenders (§ 1202b) controls the minimum terms prescribed by the Health and Safety Code (227 Cal.App.2d at pp. 375-376).