[Crim. No. 25153. Second Dist., Div. Two. Jan. 20, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
TOMAS RICO SERNA et al., Defendants and Appellants.

**COUNSEL**

Roy Dankman and Richard H. Levin, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Anthony D. Blankley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Jose Tapia and Tomas Rico Serna pleaded guilty to sale of heroin. (Health & Saf. Code, § 11352.) They appeal the judgments, contending their sentences (imprisonment for five years to life with ineligibility for parole for three years) constitute cruel or unusual punishment within the meaning of the California Constitution, article I, section 6.

The preliminary hearing disclosed that on 13 March 1973, police informant Martinez, who had purchased heroin at Tapia's house five or six times before, telephoned Tapia to see if he could come over. Tapia told him to come alone. When Martinez arrived, Tapia signaled through a front window for him to go to the backdoor. There he found Tapia and Serna waiting. Martinez handed $25 to Tapia and got back a balloon from Serna containing 1.8 grams of heroin. A subsequent search of Tapia and his house uncovered marijuana, amphetamines, and an additional quantity of heroin. On Tapia's and Serna's plea of guilty to sale of heroin, charges of possession of marijuana and of amphetamines were dropped, as was the allegation that Serna had been previously convicted of a federal narcotics offense.

*In re Lynch*, 8 Cal.3d 410, 425-429 [105 Cal.Rptr. 217, 503 P.2d 921], set out three tests for determining whether punishment for a particular crime is cruel or unusual: (1) the nature of the crime and the criminal, and the degree of danger each presents to society; (2) comparison of the punishment with punishments in the same jurisdiction for other crimes; (3) comparison of the punishment with punishments in other jurisdictions for similar crimes. These tests do not furnish absolute rules for decision, but rather they provide appropriate guidelines for inquiry. (*In re Jones*, 35 Cal.App.3d 531, 541 [110 Cal.Rptr. 765].)

Appellants challenge each aspect of their punishment: the five-year minimum imprisonment, the life-term maximum imprisonment, and the three-year ineligibility for parole. In *In re Foss*, 10 Cal.3d

910 [112 Cal.Rptr. 649, 519 P.2d 1073], the 10-year ineligibility for parole for a second offender under Health and Safety Code section 11352 was declared unconstitutional, but aspects of the punishment under attack here were not passed upon. (See *Foss,* p. 917.) Accordingly, we examine the punishment in the light of the *Lynch* tests to determine whether it violates the constitutional prohibition against cruel or unusual punishment.

*First, the nature of the offense and the offender.* No citation of authority is needed to support the propositions that the sale of heroin is a serious and deadly offense against society, and that traffic in heroin is a major factor in contemporary crime. Not only is the recipient of the heroin endangered by its use, but criminal offenses against persons and property commonly arise out of the recipient's need for money to pay for the heroin.

The offenders, Tapia and Serna, assert they are merely heroin addicts who finance their own addiction by furnishing heroin to other addicts. The record on appeal neither supports nor controverts this assertion, for it reveals little about the crime charged or the background of defendants other than the suggestion that both defendants have a prior criminal history. The assumed truth of their assertion, however, does not place Tapia and Serna beyond the reach of criminal sanctions. *In re Foss,* 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073], reaffirms the propriety of punishing overt criminal acts even though they are an outgrowth of addiction. (See *Powell* v. *Texas,* 392 U.S. 514 [20 L.Ed.2d 1254, 88 S.Ct. 2145].)

*Second, comparison with punishments for other crimes.* As a serious crime, punishment for the sale of heroin (five years to life) ranks in severity with the punishment for other serious crimes: second degree murder (five years to life); first degree robbery (five years to life); first degree burglary (five years to life). Its severity is less than aggravated kidnaping (life without parole) and first degree murder (life imprisonment or death), but more than mayhem (six months to fourteen years) and manslaughter (six months to fifteen years). (See *People* v. *Smith,* 42 Cal.App.3d 706, 710, fn. 2 [117 Cal.Rptr. 88].) The Constitution does not require, nor is it reasonable to expect, perfect symmetry in a scheme of criminal proscription and punishment enacted in response to ever-changing problems evolving over the 125-year history of the state. Assessment of the comparative evil and comparative danger attached to diverse forms of anti-social conduct remains a uniquely legislative

function into which this court may plunge only in clear instances of gross and indefensible miscalculation. We find unpersuasive and lacking in probative value Serna's compilation of obscure and seldom-used sections of the Penal Code which he presents as a standard for comparison. (E.g., poisoning of food or medicine, one to ten years, Pen. Code, § 347; cruel treatment of idiots or lunatics, misdemeanor, Pen. Code, § 361.) In our view, punishment of five years to life imprisonment for the sale of heroin, though not totally reconcilable with the punishment for every other crime, falls within the permissible range of punishment for similar serious and dangerous crimes. (See *In re Jones,* 35 Cal.App.3d 531 [110 Cal.Rptr. 765], upholding similar punishment for sale of marijuana.)

With respect to the three-year ineligibility for parole, we note the concern expressed in recent cases over unreasonably long minimum periods of incarceration which interfere with the rehabilitative process. (*In re Foss,* 10 Cal.3d 910, 923-924 [112 Cal.Rptr. 649, 519 P.2d 1073], invalidating minimum 10-year imprisonment for second sale of heroin; *People* v. *Malloy,* 41 Cal.App.3d 944, 954-957 [116 Cal.Rptr. 592], invalidating minimum five-year imprisonment for second sale of LSD.) For crimes in general, the Legislature has set the minimum time for parole eligibility at one-third the minimum sentence. (Pen. Code, § 3049.) But for certain specific crimes the Legislature has set specific minimum periods of imprisonment, as here (e.g., seven years for life sentences, Pen. Code, § 3046). Under the general statute Tapia and Serna would have been required to serve one and two-thirds years of their sentences before becoming eligible for parole. But under the particular statute punishing the crime for which they were convicted they are required to serve a minimum of three years imprisonment. They will thus spend one and a third more years awaiting parole consideration under Health and Safety Code section 11352 than they would under Penal Code section 3049. We do not view this difference as one of constitutional proportion, nor do we view the three-year minimum period of imprisonment as an undue interference with the rehabilitative process. *In re Foss,* 10 Cal.3d 910, 929 [112 Cal.Rptr. 649, 519 P.2d 1073], the Supreme Court ruled that a sentence for a repeat heroin offender which permitted parole consideration within three and one-third years "allowed for consideration of the rehabilitative progress made by the offender after a reasonable period of incarceration and did not, therefore, constitute a penalty so disproportionate to the offense as to be in violation of the mandate of article I, section 6 of our Constitution." We think the same reasoning applies when the statute specifies a

three-year minimum period of imprisonment for an initial heroin offender.

*Third, comparison with punishment for similar crimes in other jurisdictions.* Appellants' argument on this point is directed to the potential maximum sentence of life imprisonment. A compilation offered by Tapia shows that for the crime of sale of heroin, 7 other states have maximum life sentences, 2 have maximums of 40 years, 1 of 25 years, 11 of 20 years, 10 of 15 years, 1 of 12 years, 11 of 10 years, 2 of 6 years, and 4 of 5 years. These statistics prove little more than that reasonable men will differ in establishing appropriate maximum punishment for a crime of universally recognized offensiveness. In our view comparison of the punishment provided for a particular crime with that adopted in other jurisdictions, while a useful and instructive subject of investigation for a legislative committee engaged in revision of the Penal Code, is of value to a court only in determining the basic classification of the crime as major or minor, for which, respectively, major or minor punishment may be constitutionally imposed. Lacking in this case is the "virtually unanimous judgment of our sister states" which might indicate we have strayed from the contemporary path of reasoned justice. (*In re Lynch,* 8 Cal.3d 410, 436-437 [105 Cal.Rptr. 217, 503 P.2d 921].)

In sum, the punishment here imposed for sale of heroin is not "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch, supra,* at p. 424.)

The judgments are affirmed.

Roth, P. J., and Compton, J., concurred.

Appellants' petitions for a hearing by the Supreme Court were denied March 19, 1975. Tobriner, J., was of the opinion that the petition should be granted.