[Crim. No. 18847. Sept. 7, 1976.]

In re EARL WESTCOTT GRANT on Habeas Corpus.

**COUNSEL**

Earl Westcott Grant, in pro. per., Allen R. Crown, under appointment by the Supreme Court, and Ernest L. Brown, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally, Marjory Winston Parker, Willard F. Jones and Paul H. Dobson, Deputy Attorneys General, for Respondent.

**OPINION**

**WRIGHT, C. J.**—Following a jury trial Earl Westcott Grant was convicted in 1973 of a violation of former Health and Safety Code

section 11531 (sale of marijuana, now § 11360).[1] He admitted, outside the presence of the jury, one prior conviction in 1964 for possession of marijuana (former § 11530) and another conviction in 1970 for sale of restricted dangerous drugs (former § 11912). He was sentenced to state prison for the term prescribed by law which, as a consequence of his admissions, was 10 years to life without possibility of parole for a period of not less than 10 years. Absent the provision of section 11531 precluding parole for a minimum of 10 years he would be eligible for parole after serving 40 months in prison. (Pen. Code, § 3049; see *In re Foss* (1974) 10 Cal.3d 910, 916 [112 Cal.Rptr. 649, 519 P.2d 1073].)

The judgment was affirmed on appeal in an unpublished opinion (*People* v. *Grant* (May 10, 1974) 4 Crim. 6090) and relief is now sought by petition for a writ of habeas corpus in response to which we have issued an order to show cause.

The issue before us today was not raised on appeal but is clearly cognizable on petition for habeas corpus since, as will be seen, petitioner alleges that he is detained under a sentence which violates fundamental constitutional rights. (See *id.,* at pp. 916-917; *In re Masching* (1953) 41 Cal.2d 530, 532 [261 P.2d 251].)

 Petitioner's sole contention is that the provision of former section 11531 which precludes parole consideration for a minimum of 10

---

[1]Former Health and Safety Code section 11531 provided in pertinent part: "Every person who . . . sells . . . any marijuana shall be punished by imprisonment in the state prison for a period of five years to life and shall not be eligible for release upon completion of sentence or on parole or any other basis until he has been imprisoned for a period of not less than three years in the state prison.

"If such person has been previously convicted once of any felony offense described in this division or Section . . . 11912 . . . , the previous conviction shall be charged in the indictment or information and, if . . . admitted by the person, he shall be imprisoned in the state prison for a period of five years to life and shall not be eligible for release upon completion of sentence or on parole or any other basis until he has been imprisoned for a period of not less than five years in the state prison.

"If such person has been previously convicted two or more times of any felony offense described in this division or Section . . . 11912 . . . the previous convictions shall be charged in the indictment or information and, if . . . admitted by the person, he shall be imprisoned in the state prison for a period of 10 years to life and shall not be eligible for release upon completion of sentence or on parole or any other basis until he has been imprisoned for a period of not less than 10 years in the state prison."

As hereinafter discussed, section 11360 contains the same penalty provisions except for the offense of giving away or transporting one ounce or less of unconcentrated marijuana. Our views expressed herein as to section 11531 are equally applicable to section 11360 and its corresponding subsections.

Unless otherwise specified all statutory references are to sections of the Health and Safety Code.

years constitutes cruel or unusual punishment in violation of California constitutional proscriptions. We conclude that this contention has merit.[2]

In response to petitioner's contention the People raise two related issues. They urge that even if it is assumed that the mandatory 10-year term without possibility of parole is invalid, petitioner should nevertheless be precluded from parole eligibility for five years as provided by former section 11531 for persons convicted of sale of marijuana with one prior narcotics conviction. In the alternative, if the provision precluding parole for five years is also unconstitutional, the People urge imposition of the provision of former section 11531 forestalling parole for a minimum of three years upon conviction of the same offense with no priors. Essentially the People suggest that contrary to our disposition in *In re Foss, supra,* 10 Cal.3d 910, we should rule that the general provisions of Penal Code section 3049[3] do not determine petitioner's parole eligibility upon an invalidation of the provision of section 11531 which precludes parole consideration for 10 years.

Our treatment of the issues presented herein is governed in large part by our earlier holdings in *In re Foss, supra,* 10 Cal.3d 910, and *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921]. ■ Before applying the *Lynch* and *Foss* analyses to the issues now presented we pause to reaffirm our prior declaration " 'that in our

---

[2]At the time of petitioner's conviction and sentencing the cruel or unusual punishment provision was contained in article I, section 6, of the Constitution which provided in pertinent part: ". . . nor shall cruel or unusual punishments be inflicted." In November 1974, article I, section 6, was repealed and present section 17 was added. Insofar as is herein pertinent section 17 contains essentially the same language as former section 6: "Cruel or unusual punishment may not be inflicted. . . ." Our conclusions herein are equally applicable to the prohibition of cruel or unusual punishment contained in either former section 6 or present section 17, and to sentences imposed while either section was or is in effect. (See Cal. Const., art. I, § 6 [repealed Nov. 5, 1974], § 17 [adopted Nov. 5, 1974].)

Petitioner also claims that the provision precluding parole consideration for a minimum of 10 years violates the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution. We do not reach this federal issue and rest our resolution on the distinct provisions of the California Constitution. (Cf. *People* v. *Anderson* (1972) 6 Cal.3d 628, 634, 645 [100 Cal.Rptr. 152, 493 P.2d 880].)

[3]Section 3049 provides in pertinent part: "In all other cases not heretofore provided for, no prisoner may be paroled until he has served the minimum term of imprisonment provided by law for the offense of which he was convicted . . . provided, that any prisoner, received on or after January 1, 1948, at any state prison or institution under the jurisdiction of the Director of Corrections, whose minimum term of imprisonment is more than one year, may be paroled at any time after the expiration of one-third of the minimum term. In all other cases he may be paroled at any time after he has served the minimum term prescribed by law."

tripartite system of government it is the function of the legislative branch to define crimes and prescribe punishments, and that such questions are in the first instance for the judgment of the Legislature alone.' " (*In re Foss, supra,* 10 Cal.3d 910, 917, citing *In re Lynch, supra,* 8 Cal.3d 410, 414.) Such legislative authority is ultimately circumscribed inter alia by the constitutional prohibition against cruel or unusual punishment (see *In re Foss, supra,* 10 Cal.3d 910, 917; *In re Lynch, supra,* 8 Cal.3d 410, 414) and it is the responsibility of the judiciary "to condemn any violation of that prohibition." (*Id.,* at p. 414.)

We held in *Foss* that a 10-year mandatory prison term prior to eligibility for parole for one convicted of sale of heroin with one prior conviction constitutes cruel or unusual punishment.[4] The provision which we overturned in *Foss* and that challenged herein are part of a statutory penalty scheme relating to recidivist narcotics offenses. Former section 11531 is typical of the Health and Safety Code penalty scheme which imposes graduated periods of parole ineligibility upon recidivist narcotics offenders.[5] It precludes consideration for parole for a minimum

---

[4]We also struck down in *Foss* as cruel or unusual "the provision of section 11501 and its successor, section 11352, precluding parole consideration of a third time offender for a minimum of 15 years." (*In re Foss, supra,* 10 Cal.3d 910, 917, fn. 3.)

[5]In addition to section 11531 (now § 11360) the following sections of the Health and Safety Code contain provisions precluding parole consideration for specified terms: former section 11350, possession of controlled substances including heroin (two-year mandatory minimum term prior to eligibility for parole with no priors, five-year mandatory minimum term with one prior, fifteen-year mandatory minimum term with two or more priors [the fifteen-year penalty was declared unconstitutional in *People* v. *Thomas* (1975) 45 Cal.App.3d 749 (119 Cal.Rptr. 739)]; former section 11351, possession for sale (two and one-half year mandatory minimum term with no priors, six-year mandatory minimum term with one prior, fifteen-year mandatory minimum term with two or more priors [the fifteen-year penalty was declared unconstitutional in *People* v. *Murphy* (1974) 42 Cal.App.3d 81 (116 Cal.Rptr. 889)]; former section 11352, transportation, sale, etc. (three-year mandatory minimum term with no priors [upheld in *People* v. *Serna* (1975) 44 Cal.App.3d 717 (118 Cal.Rptr. 904)], ten-year mandatory minimum term with one prior [set aside in *Foss*], fifteen-year mandatory minimum term with two or more priors [also set aside in *Foss*]); section 11353, solicitation of minors by person over the age of eighteen (five-year mandatory minimum term with no priors, ten-year mandatory minimum term with one prior, fifteen-year mandatory minimum term with two or more priors); former section 11357, possession of marijuana (two-year mandatory minimum term with one prior, five-year mandatory minimum term with two or more priors [set aside in *People* v. *Ruiz* (1975) 49 Cal.App.3d 739 (122 Cal.Rptr. 841)]); section 11358, cultivation of marijuana (one-year mandatory minimum term with no priors, two-year mandatory minimum term with one prior, five-year mandatory minimum term with two or more priors); section 11359, possession of marijuana for sale (two-year mandatory minimum term with no priors, three-year mandatory minimum term with one prior, six-year mandatory minimum term with two or more priors); section 11361, solicitation of minors by person over the age of 18 (five-year mandatory minimum term with no priors, ten-year mandatory minimum term with one prior, fifteen-year

of three years for sale of marijuana with no prior narcotics convictions, for a minimum of five years upon conviction of the same offense with one prior, and it precludes parole for a mandatory ten years in the case of offenders with two or more priors. Most of the recidivist provisions of the Health and Safety Code were enacted in 1961 as part of the same legislation. They prescribe mandatory minimum terms which preclude consideration for parole for enhanced periods of from two to ten years in the case of offenders with one prior narcotics conviction, and for graduated terms ranging from five to fifteen years for those with two or more priors.

In light of the multiplicity and similarity of recidivist provisions for enhanced minimum prison terms, piecemeal review of each such provision is counterproductive. Furthermore, because of the graduated penalty feature of these provisions, the invalidation of a particular provision precluding parole consideration based on multiple prior convictions may create the anomalous situation whereby offenders with only one prior conviction are subject by statute to longer terms before eligibility for parole than persons convicted of the same offense with two or more priors. We undertake, accordingly, to review the entire scheme

mandatory minimum term with two or more priors); section 11377, possession of controlled substances (two-year mandatory minimum term with one or more priors); section 11378, possession for sale (two-year mandatory minimum term with no priors, three-year mandatory minimum term with one prior, six-year mandatory minimum term with two or more priors); section 11379, transportation, sale, etc. (three-year mandatory minimum term with no priors [upheld in *People* v. *Waters* (1975) 52 Cal.App.3d 323 (125 Cal.Rptr. 46), held unconstitutional as applied in *People* v. *Vargas* (1975) 53 Cal.App.3d 516 (126 Cal.Rptr. 88)], five-year mandatory minimum term with one prior [held unconstitutional in *People* v. *Malloy* (1974) 41 Cal.App.3d 944 (116 Cal.Rptr. 592)], ten-year mandatory minimum term with two or more priors); section 11380, solicitation of minor by person over the age of 18 (five-year mandatory minimum term with no priors [upheld in *People* v. *Carbonie* (1975) 48 Cal.App.3d 679 (121 Cal.Rptr. 831)], ten-year mandatory minimum term with one prior, fifteen-year mandatory minimum term with two or more priors.).

Effective January 1, 1976, section 11350, possession of controlled substances including heroin, section 11351 (possession of controlled substances for sale), and section 11352 (sale, transportation, etc. of controlled substances) were amended to eliminate the provisions for .mandatory minimum terms prior to eligibility for parole for first time offenders as well at those with one or more priors. (Stats. 1975, ch. 1087, §§ 1-3, pp. 2647-2650, No. 8 West's Cal. Legis. Service, pp. 2896-2899, No. 7 Deerings Adv. Legis. Service, pp. 98-100.) Parole eligibility under those provisions is now governed by the general formula of Penal Code section 3049. However, despite its recent amendment of section 11360 which reduced the offense of giving away or transporting an ounce or less of marijuana to a misdemeanor punishable by a $100 fine, the Legislature retained the mandatory minimum-term provisions of that section. (Stats. 1975, ch. 248, § 3, p. 643, No. 4 West's Cal. Legis. Service, p. 557, No. 2 Deerings Adv. Legis. Service. p. 914.) Likewise all other mandatory minimum-term provisions of the Health and Safety Code remain in effect.

of Health and Safety Code provisions precluding parole consideration for recidivist narcotics offenders.

■ We conclude that those provisions of the Health and Safety Code which preclude parole consideration for a minimum of five years or more for recidivist narcotics offenders constitute both cruel and unusual punishment in violation of California constitutional proscriptions. (*In re Foss, supra,* 10 Cal.3d 910, 929.)[6]

We have previously set forth a general description of the applicable constitutional limitation: " 'in California a punishment may violate article I, section 6 of the Constitution if . . . it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.' " (*In re Foss, supra,* 10 Cal.3d 910, 919, citing *In re Lynch, supra,* 8 Cal.3d 410, 424.) In *Foss* and *Lynch* we elaborated three distinct techniques to aid in implementing the aforementioned standard.

"The first such technique involves an examination of the nature of the offense and/or the offender, with particular regard to the degree of danger both present to the society. [Citations.]" (*In re Foss, supra,* 10 Cal.3d 910, 919.) "Relevant to this inquiry are . . . the nonviolent nature of the offense, and whether there are rational gradations of culpability that can be made on the basis of the injury to the victim or to society in general. . . . [A]lso relevant is a consideration of the penological purposes of the prescribed punishment." (*In re Foss, supra,* 10 Cal.3d 910, 919-920.)

To further this inquiry courts have relied on the facts of the crime in question, as well as the circumstances of the particular offender in order

---

[6]The validity of minimum and maximum sentences imposed under the narcotics recidivist provisions of the Health and Safety Code is not at issue here and is not affected by our holding in the instant case. Nor do we hold that five or more years in prison prior to release on parole is cruel or unusual punishment for those who violate the provisions in question. There are certainly offenses and offenders within the scope of these provisions for which or for whom incarceration for substantial terms would be constitutionally permissible whether prescribed by mandatory statutory provisions designed to encompass reasonably narrow ranges of conduct, or resulting from discretionary action of the Adult Authority. Our disapproval of the instant provisions is based on their overbreadth in absolutely prohibiting parole for substantial periods of time without regard to the gravity of the particular offense, the relevance, remoteness in time, or seriousness of the prior offenses, the nature of the offender, or the existence of possible mitigating circumstances. (See *In re Foss, supra,* 10 Cal.3d 910, 929.)

to illustrate the triviality of the offense and to demonstrate that the challenged punishment "does not fit the criminal." (*In re Lynch, supra,* 8 Cal.3d 410, 437, 438; see also *Weems* v. *United States* (1910) 217 U.S. 349, 357-358, 366 [54 L.Ed. 793, 795, 798, 30 S.Ct. 544]; *O'Neil* v. *Vermont* (1892) 144 U.S. 323, 337 [36 L.Ed. 450, 457-458, 12 S.Ct. 693], Field, J. dissenting; *In re Foss, supra,* 10 Cal.3d 910, 918; *People* v. *Lorentzen* (1972) 387 Mich. 167 [194 N.W.2d 827, 828]; *State* v. *Ward* (1970) 57 N.J. 75, 77 [270 A.2d 1].)

The second technique set forth in *Lynch* and *Foss* "involves a comparison of the questioned punishment with punishments imposed within . . . [California] for offenses which may be deemed more serious than that for which the questioned punishment is imposed." (*In re Foss, supra,* 10 Cal.3d 910, 920.) The assumption underlying this test " 'appears to be that although isolated excessive penalties may occasionally be enacted, e.g., through "honest zeal" (*Weems* v. *United States* (1910) . . . 217 U.S. 349, 373 . . .) generated in response to transitory public emotion . . . the vast majority of punishments set forth in our statutes . . . may . . . be deemed illustrative of constitutionally permissible degrees of severity; and if among them are found more serious crimes punished less severely than the offense in question, the challenged penalty is to that extent suspect.' " (*In re Foss, supra,* 10 Cal.3d 910, 920, citing *In re Lynch, supra,* 8 Cal.3d 410, 426.)

The third and final technique to be applied under *Foss* and *Lynch* in measuring disproportionality "involves a comparison of the challenged penalty with punishment prescribed in other jurisdictions for the same offense." (*In re Foss, supra,* 10 Cal.3d 910, 920.) This test is based on the assumption " 'that the vast majority of those jurisdictions will have prescribed punishments for this offense that are within the constitutional limit of severity; and if the challenged penalty is found to exceed the punishments decreed for the offense in a significant number of those jurisdictions, the disparity is a further measure of its excessiveness.' " (*Id.,* at p. 920, citing *In re Lynch, supra,* 8 Cal.3d 410, 427.)

### The Nature of the Offense and the Offender

Our application of the three *Foss* techniques begins with an examination of the nature of the offense. Given the scope of our examination of the recidivist statutes in toto, a detailed inquiry into each of the offenses in question is not practical. However, there is one pertinent characteristic shared by each of the narcotics recidivist provisions of the Health and

Safety Code: each such provision proscribes a broad range of conduct. (See *In re Foss, supra,* 10 Cal.3d 910, 929.) More significant for purposes of our analysis, the mandatory prison terms prior to parole eligibility prescribed for each offense are automatically enhanced by the findings of one or more prior convictions of specified narcotics offenses · which cover an even broader spectrum of conduct ranging from very serious crimes to acts of substantially less consequence which might have been committed under mitigating circumstances. For instance, a prior felony conviction many years ago for simple possession of a small quantity of marijuana deemed today to constitute only a citable offense can trigger the mandatory parole ineligibility provisions upon a subsequent conviction of one of the offenses included in particular Health and Safety Code provisions. Indeed, one of petitioner's prior convictions was for possession of marijuana.

■ "[T]he rule that the measure of the constitutionality of punishment for crime is individual culpability is well established in the law of this state." (*In re Rodriguez* (1975) 14 Cal.3d 639, 653 [122 Cal.Rptr. 522, 537 P.2d 384].) Where, on the basis of injury to the victim or to society in general, discernible gradations of culpability exist among prior offenses which trigger an enhanced period of parole ineligibility, such penalty will be suspect to the extent that it fails to recognize those gradations. (Cf. *In re Foss, supra,* 10 Cal.3d 910, 919, 929.) It should be noted, however, that the constitutionality of a provision precluding parole consideration for a recidivist narcotics offender is also a function of the duration of the period during which parole is absolutely prohibited. (See *id.,* at pp. 924, 929.)

The enhanced periods of parole ineligibility prescribed by the Health and Safety Code recidivist provisions "are attributable to the defendant's status as a repeat offender . . . [citations]. Such status arises from repetition of overt acts which have been proscribed as criminal conduct." (*Id.,* at p. 922.) It is thus particularly significant that these provisions for recidivist narcotics offenders penalize broad ranges of conduct and widely differing types of offenders without distinction, requiring substantial enhanced mandatory prison terms because of prior offenses regardless of their temporal remoteness, lack of relevance to the new offense, or relative gravity. (Cf. *In re Foss, supra,* 10 Cal.3d 910, 929; *People v. Malloy* (1974) 41 Cal.App.3d 944, 956 [116 Cal.Rptr. 592]; *People v. Lorentzen, supra,* 194 N.W.2d 827, 831.) Consequently, the enhanced periods of parole ineligibility imposed for repeated violations of Health

and Safety Code provisions relating to drug abuse are suspect insofar as they substantially limit "the power of the Adult Authority to give recognition to those gradations of culpability." (*In re Rodriguez, supra,* 14 Cal.3d 639, 648.)[7]

In our analysis of the nature of the offense and the offender in *Foss* we discussed at length two flaws in the provision precluding parole consideration for 10 years upon conviction of sale of heroin with one prior narcotics conviction. The first of these defects was "its failure to consider the extent to which the addict's repetitions of proscribed behavior is attributable to his addiction." (*In re Foss, supra,* 10 Cal.3d 910, 923.) The other was the detrimental effect of that penalty upon the crucial rehabilitative purpose of the indeterminate sentence law. (*Id.,* at pp. 923-924.) There is no evidence in the record before us that petitioner was an addict or that his recidivism is attributable to addiction. However, his particular nonaddiction is irrelevant to our determination of the instant issue. Our reasoning in *Foss* indicates that because addiction is a factor in so many cases involving repetition of drug-related offenses (cf. National Com. on Marihuana and Drug Abuse: Drug Use In America: A Problem In Perspective (1973) pp. 159, 166, 172 [hereafter Second Com. Report]; Stephens & Ellis, *Narcotics Addicts and Crime* (1975) 12 Criminology 478-485),[8] any penalty for iteration of such an offense is suspect regardless of whether a particular defendant is an addict, if it generally precludes consideration of the extent to which repetition of the proscribed behavior is attributable to addiction.[9] (See Note (1975) 63

---

[7]It is to be emphasized that the Health and Safety Code provisions for recidivist narcotics offenders are unique among those prescribing mandatory prison terms prior to eligibility for parole. Other code sections impose substantial enhanced mandatory prison terms for recidivist offenders. These latter provisions, however, are actuated by a limited number of prior offenses which are of comparable gravity and uniformly entail violent or otherwise morally reprehensible conduct. (See, e.g., Pen. Code, § 644, subd. (a).)

[8]"By law society has defined the drug-related behavior (possession, sale) of the dependent person as criminal, and has necessitated continuous criminal contacts." (Second Com. Report, *supra,* p. 172.)

[9]The brief discussion of the cruel or unusual punishment issue in *In re Adams* (1975) 14 Cal.3d 629, 637 [122 Cal.Rptr. 73, 536 P.2d 473] is not inconsistent with our conclusion that the "addiction factor" reasoning of *Foss* is apposite to all Health and Safety Code provisions which establish the minimum period of parole ineligibility for recidivist narcotics offenders regardless of the addict status of a particular defendant. The period of parole ineligibility challenged in *Adams* did not arise from one of the Health and Safety Code provisions but rather resulted under the general statute establishing parole eligibility (Pen. Code, § 3049), from the imposition of consecutive sentences by the *Adams* trial court. In *Adams* the substantial period of ineligibility for parole arose from the conscious exercise of judicial discretion in sentencing. In such cases the trial court is

Cal.L.Rev. 291, fn. 9; cf. *People* v. *Ruiz* (1975) 49 Cal.App.3d 739 [122 Cal.Rptr. 841]; *People* v. *Malloy, supra,* 41 Cal.App.3d 944.) Notwithstanding the significance of the addictive factor in drug-related offenses, the Health and Safety Code provisions prescribing the mandatory prison term required prior to parole consideration for recidivist narcotics offenders forestall for substantial periods any consideration of mitigating factors such as the extent to which the repeated offenses are attributable to addiction. They are to that extent additionally suspect. (Cf. *In re Foss, supra,* 10 Cal.3d 910, 923.)

In *Foss* we confirmed the primary rehabilitative purpose of our indeterminate sentence law and noted that experts on penology tend to agree that in crimes such as those comprehended within the Health and Safety Code provisions in question, the goal of rehabilitation is best served by short prison sentences of less than five years, (*Id.,* at pp. 923-924.) In *Foss,* after invalidating the provision precluding parole consideration for 10 years, we expressly approved application of the general parole eligibility provisions of Penal Code section 3049 under which the petitioner in *Foss* as well as the present petitioner would be eligible for parole in 40 months, because such a period "allowed for consideration of the rehabilitative progress made by the offender after a reasonable period of incarceration." (*Id.,* at p. 929.)

Although many of the offenses subject to the mandatory prison term provisions of the Health and Safety Code recidivist provisions call for emphasis on rehabilitation (cf. *id.,* at pp. 923-924; Second Com. Report, *supra,* pp. 273-274, 467), most of the instant provisions require service of substantial periods, between five and fifteen years, prior to parole eligibility. Such absolute prohibition of parole consideration forecloses for a substantial period any appraisal of a repeated drug offender's ability to overcome his addiction, or to otherwise demonstrate real promise of rehabilitation and thus "hardly serves as an impetus towards 'well doing' on the part of the prisoner." (*Id.,* at p. 924.)

■ In light of the indisputably legitimate penological goals of deterrence and isolation of offenders (*id.,* at pp. 924-925; *People* v. *Anderson, supra,* 6 Cal.3d 628, 651-652), it is manifest that the Legislature may prescribe reasonable periods of parole ineligibility even for offenses encompassing broad ranges of conduct. It is also clear that such terms may be escalated upon repetition of such offenses. Provisions which

able to review and consider the particular circumstances of each offense and offender. Such a procedure permits recognition of the rational gradations of culpability within the conduct penalized by a given provision.

preclude parole consideration for specified periods become disproportionate to the offense when they not only indiscriminately penalize repeated conduct of widely varying gravity without regard for regularly recurring mitigating factors, but also absolutely preclude parole for substantial lengths of time in excess of that reasonably calculated to allow for consideration of rehabilitative progress or to fulfill other legitimate penological objectives. (See *In re Foss, supra,* 10 Cal.3d 910, 924, 925.) Where, as with the narcotics recidivist provisions of the Health and Safety Code, significant gradations of culpability exist not only within the primary offenses but also among the penalty enhancing prior offenses, the standard is whether the mandatory prison term is excessive as applied to those offenders whose criminal conduct is within the less severe ranges of culpability comprehended by the offense. (Cf. *id.,* at p. 929.)

As we indicated in *Foss,* in those specific cases of recidivist narcotics offenders for whom more lengthy incarceration may be appropriate, the discretion of the Adult Authority to set parole dates beyond the mandatory minimum and the existence of substantial maximum sentences serve to deter and isolate wrongdoers. (See *id.,* at p. 925.) Furthermore, given reasonable minimum sentences, the general parole eligibility provisions of Penal Code section 3049 result in mandatory prison terms which are adequate to allow assessment of rehabilitation and accommodate the other valid penological goals. (See *id.,* at p. 929.)

These observations serve as benchmarks for the delicate but necessary determination of the limits of legislative authority to impose upon recidivist narcotics offenders enhanced mandatory prison terms without possibility of parole. As indicated, many of the Health and Safety Code recidivist provisions which preclude parole for specific periods clearly exceed the foregoing guidelines. ■ We therefore conclude that by virtue of their excessive duration, and the arbitrariness of their absolute impact upon a broad range of offenses and offenders, those Health and Safety Code provisions set forth in the margin, each of which absolutely preclude recidivist narcotics offenders from parole consideration for substantial periods of five years or more, are excessively severe.[10]

---

[10]These provisions are: the five- and fifteen-year mandatory minimum terms prior to parole eligibility for possession of controlled substances including heroin with one and two priors respectively (former § 11350); the six- and fifteen-year mandatory minimum terms for possession of such controlled substances for sale with one and two priors respectively (former § 11351); the ten- and fifteen-year mandatory minimums for sale of such controlled substances with one and two priors respectively (former § 11352, invalidated in *Foss*); the ten- and fifteen-year mandatory minimums for violation of

Our inquiry is not yet complete. In order to determine the constitutionality of the aforementioned provisions we must also apply the second and third techniques articulated in *Foss*. (*Id.*, at p. 920.)

### Comparison With Other California Provisions

We note at the outset our determination in *Foss* that in light of the assumption underlying this test, which we earlier set forth, the periods of mandatory parole ineligibility imposed for repeated violations of other narcotics offense provisions of the Health and Safety Code "cannot . . . be taken as illustrative of the permissible degrees of severity under article I, section [17] of our Constitution." (*Id.*, at p. 927.) We reached this conclusion in *Foss* because the aforementioned mandatory prison terms prior to parole for recidivist narcotics offenders are products of the same " 'honest zeal' . . . generated in response to transitory public emotion," and thus are similarly tainted. (*Id.*, at p. 927.)

■ Applying the second technique described in *Foss* we conclude that the Health and Safety Code provisions precluding parole consideration for recidivist narcotics offenders, are unusual in their severity by comparison with punishments levied in California for far more serious crimes. Apart from the few offenses for which a term of life imprisonment without possibility of parole is prescribed, and excluding the

---

section 11353 with one and two priors respectively; the five-year mandatory minimum for possession of marijuana with two priors (former § 11357); the five-year mandatory minimum for cultivation of marijuana with two priors (§ 11358); the six-year mandatory minimum for possession of marijuana for sale with two priors (§ 11359); the five- and ten-year mandatory minimums for sale of marijuana with one and two priors respectively (§ 11360); the ten- and fifteen-year mandatory minimums for violation of section 11361 with one and two priors respectively; the six-year mandatory minimum for possession for sale of controlled substances including amphetamines and dexedrine with two priors (§ 11378); the five- and ten-year mandatory minimums for transporting, sale, etc. of such controlled substances with one and two priors respectively (§ 11379); the ten- and fifteen-year mandatory minimums for violation of section 11380 with one and two priors respectively.

Sections 11353 and 11380 impose five-year mandatory minimum terms upon the first offense by an adult involving a minor in the use or trafficking of drugs including heroin, amphetamines and dexedrine. Section 11361 provides the same mandatory minimum for first offenders involving minors in the use or trafficking of marijuana. We express no opinion herein regarding any of the Health and Safety Code mandatory minimum-term provisions for first offenders. We do note, however, that these provisions for first offenders generally impose mandatory minimum terms of less than five years, and do not share many of the defects peculiar to the recidivist provisions. Sections 11353 and 11380, which impose the greatest mandatory minimum terms under the Health and Safety Code for first offenders, proscribe conduct which is uniformly grievous involving as it does the entanglement of minors in drug abuse. (See *People v. Carbonie, supra,* 48 Cal.App.3d 679, 687.)

penalties for drug related offenses, there are three instances in which an offender is subject to a substantial mandatory prison term in excess of one-third of the minimum sentence: the twelve-year period of parole ineligibility imposed upon habitual criminals convicted of specific violent or morally reprehensible felonies with three prior convictions of similar felonies (Pen. Code, § 644, subd. (b), and § 3048.5), the nine-year mandatory prison term levied upon those previously twice convicted of the same serious felonies (Pen. Code, § 644, subd. (a) and § 3047.5), and the seven-year period of parole ineligibility prescribed for prisoners under a life sentence for conviction of crimes such as first degree murder (Pen. Code, § 3046). Each of these provisions punish offenses which are uniformly more violent and serious than any of the acts within the broad ranges of conduct penalized by any one of the Health and Safety Code provisions in question.

In the large majority of cases, however, a convict may be released on parole after serving one year or one-third of the minimum sentence, whichever is greater (*People* v. *Malloy, supra,* 41 Cal.App.3d 944, 956; Pen. Code, § 3049), regardless of the number of priors. Under our Indeterminate Sentence Law, the minimum sentence is an indicator of the legislative assessment of the gravity of an offense relative to all other felony offenses. Thus except for a limited number of particularly grievous or repeated offenses, the Legislature has determined the relative seriousness of an offense and set the minimum sentence accordingly. It has further resolved that mandatory prison confinement for one-third of that minimum sentence is reasonable in light of the relevant penological objectives.

In regard to the recidivist narcotics offenses proscribed in the Health and Safety Code, the Legislature has established minimum sentences ranging from two to fifteen years. Nevertheless, the Health and Safety Code provisions for recidivist narcotics offenders almost uniformly preclude parole for the entire duration of the minimum sentence. Thus, one convicted of one of the Health and Safety offenses with a five-year minimum sentence will often endure the same period of mandatory parole ineligibility as a person convicted of another crime bearing a fifteen-year minimum sentence. In summary, because of the Health and Safety Code provisions for enhanced periods of parole ineligibility, a recidivist narcotics offender will invariably be precluded from parole consideration for a substantially longer period than a person convicted of a crime which this Legislature itself has indicated to be similarly serious or even more grievous.

*Disproportionality: Other Jurisdictions*

A survey of the penalties imposed by our sister states upon recidivist narcotics offenders reveals that the vast majority of such states impose periods of parole ineligibility which are substantially less severe than those required in California for comparable offenses with similar prior convictions. The percentage of states which are more lenient than California in this respect range from 92 percent in the case of possession of heroin with two prior convictions (former § 11350) to a minimum of 75 percent in the case of solicitation of minors to use, sell, etc. heroin with one or two prior convictions (§ 11353).

Moreover, the same pattern emerges upon consideration of the number of other jurisdictions which preclude recidivist narcotics offenders from parole consideration for periods of five years or more. Depending on the offense at least 70 percent and up to 94 percent of our sister states require that recidivist narcotics offenders serve less than five years in prison prior to parole eligibility. Finally, it should be noted that among those states which in particular instances require mandatory prison terms either greater than California's or of at least five years' duration, there are several which differentiate between addicts and nonaddicts or prescribe lesser periods of parole ineligibility for offenses involving smaller quantities of narcotics.

The results of the instant comparison, when viewed in the light of our analysis of the nature of the offender and offenses involved, provide a further indication of the excessiveness of the Health and Safety Code provisions precluding parole consideration of recidivist narcotics offenders for a minimum of five years or more.

█ In light of the foregoing application of the techniques articulated in *Lynch* and *Foss,* we conclude that those provisions of the Health and Safety Code precluding parole consideration for a minimum of five years or more for recidivist narcotics offenders constitute both cruel and unusual punishment in violation of proscriptions of the California Constitution. (*In re Foss, supra,* 10 Cal.3d 910, 929.)[11] We do not hold,

[11]Our disapproval of mandatory minimum terms of five years or more prior to parole eligibility which are included in the recidivist provisions of the Health and Safety Code, does not affect such mandatory minimum terms arising under Penal Code section 3049, the general parole eligibility statute. Those convicted of certain offenses within the statutory scheme for recidivist narcotics offenders receive indeterminate sentences of as much as 15 years to life. By operation of Penal Code section 3049 such offenders are

however, that the Legislature cannot frame provisions precluding parole consideration for periods which exceed any particular term of imprisonment because of prior convictions suffered by the offender. The current provisions which are disapproved herein constitute cruel and unusual punishment because they fail to discriminate between those offenders on the one hand whose prior offenses were recent, serious or similar to the new offense and whose criminal motivations pose serious threats to society, and those offenders on the other hand who pose a lesser threat to society because their prior narcotic convictions were remote in time, relatively trivial in scope or unrelated to the new conviction, or whose criminal conduct was limited in execution to the satisfaction of personal needs. The penalties currently provided are cruel and unusual as to the latter group of offenders and, because they cannot be severed to eliminate application to such group, must be struck down in their entirety.

As we have stated, the People urge that if particular provisions of former section 11531 are held to be unconstitutional, we should further hold that the next lesser penalty provided by that section for those convicted of sale of marijuana be made applicable. But " 'it is the function of the legislative branch to define crimes and prescribe punishments. . . .' [Citations.]" (*In re Foss, supra,* 10 Cal.3d 910, 917.) Our responsibility is to condemn any violation of the constitutional prohibition against cruel or unusual punishment. (*In re Lynch, supra,* 8 Cal.3d 410, ·414.) The People propose that we exceed the limits of our responsibility and prescribe a new punishment after invalidating the one

ineligible for parole for five years. However, it should be noted that such a penalty is imposed only upon the most serious narcotics offenders and then only in cases of multiple prior convictions. Moreover, parole eligibility under Penal Code section 3049 is determined as a constant fraction of the minimum sentence. It requires imprisonment for at least one-third of the minimum sentence prescribed for the offense before eligibility for parole. As discussed above, the minimum sentence is essentially an expression of the Legislature's view of the relative gravity of the offense and its determination that certain offenders require a particular period of supervision in prison or on parole in order to best serve legitimate penological purposes. The parole eligibility formula of Penal Code section 3049 establishes a reasonable relationship between the mandatory minimum prison term for an offense and the duration of the minimum sentence during which an offender must be supervised. As we noted in *Foss,* Penal Code section 3049 allows "for consideration of the rehabilitative progress made by the offender after a reasonable period of incarceration." (*In re Foss, supra,* 10 Cal.3d 910, 929.) The mandatory minimum provisions of the Health and Safety Code on the other hand, almost uniformly preclude parole for the entire duration of the minimum sentence without consideration of the rehabilitative progress made by the offender. It is also noteworthy that Penal Code section 3049 applies uniformly to virtually all felony offenses and thus cannot be considered unusual in its application.

prescribed by the Legislature. Having concluded that the provisions of former section 11531 precluding parole consideration for minimum periods of ten and five years are unconstitutional, we further conclude, as we did in *Foss,* that the provision of that code section precluding parole consideration of a repeat offender for a specified minimum is severable from the remainder of that section. In the absence of the enhanced parole ineligibility provision of section 11531, the general provisions of Penal Code section 3049 determine the mandatory prison term to be served by those convicted of a violation of former section 11531 with prior drug convictions before becoming eligible for parole. (See *In re Foss, supra,* 10 Cal.3d 910, 929.)[12]

The Adult Authority is directed to grant parole consideration to petitioner in accordance with the views set forth in this opinion and without regard to the provisions of former section 11531 which prescribe the minimum period prior to parole eligibility.[13] Petitioner is not entitled to release, however, until such time as the Adult Authority duly determines that he is eligible for parole under the 10-year-to-life term imposed by former section 11531. The order to show cause is discharged and the writ of habeas corpus denied.

Tobriner, J., and Mosk, J., concurred.

**SULLIVAN, J.,** Concurring and Dissenting.—Under the compulsion of *In re Foss* (1974) 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], I agree with the Chief Justice's opinion insofar as it concludes that the provisions of former section 11531 (now § 11360) of the Health and Safety Code precluding parole consideration for a repeat offender for a minimum of 10 years, constitute both cruel and unusual punishment in violation of proscriptions of the California Constitution. I also agree that, following *Foss,* such parole eligibility provisions are severable from the remainder

[12]It cannot be argued that the Legislature intended the result proposed by the People. In light of the invalidity of the five- and ten-year mandatory minimum terms under former section 11531, the People's proposition ultimately requires imposition upon petitioner of the three-year mandatory minimum for conviction of sale of marijuana as in the case of an offender without any prior conviction. In such event petitioner, with a ten-year-to-life indeterminate sentence, would be eligible for parole in three years, a shorter period than that imposed under Penal Code section 3049 upon those convicted of other offenses carrying a ten-year minimum sentence. It is obvious that the Legislature intended no such result in designing the penalty scheme for narcotics offenses.

[13]Such parole consideration without regard to specific mandatory minimum terms prescribed under the Health and Safety Code is to be granted to all those recidivist narcotics offenders currently imprisoned under sentences enhanced by mandatory minimum-term provisions struck down by our holding herein. (See fn. 10, *ante.*)

of the section, that petitioner's 10-year-to-life sentence remains valid, and that his eligibility for parole under such term may be determined by the Adult Authority in accordance with the laws of this state.

However with all due respect, I cannot join in the canvassing of all the parole eligibility provisions contained in the Health and Safety Code applicable to recidivist narcotics offenders and in the sweeping conclusion that all such provisions precluding parole consideration for a minimum of five years or more also constitute both cruel and unusual punishment in violation of the proscriptions of the California Constitution. The constitutionality of none of these provisions has been raised or is in issue before us and to pass upon them is clearly unnecessary to the decision of the case at bench. As we have observed in the past "[i]t has heretofore been considered against the policy of this court (and of courts of last resort generally) to reach out and unnecessarily pronounce upon the constitutionality of any duly enacted statute." (*Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 65 [195 P.2d 1].)

McComb, J., and Richardson, J., concurred.

**CLARK, J.**—For the reasons stated in my concurring and dissenting opinion in *In re Foss* (1974) 10 Cal.3d 910, 933-938 [112 Cal.Rptr. 649, 519 P.2d 1073], I concur in denying the writ, but dissent from holding that former section 11531 (now § 11360) of the Health and Safety Code authorizes cruel and unusual punishment in violation of the California Constitution. For the reasons stated by Justice Sullivan (*ante*), I express no opinion concerning the constitutionality of the other provisions of the Health and Safety Code precluding parole consideration for a minimum of five years or more for recidivist narcotics offenders.