[Crim. No. 9143. Third Dist. May 17, 1977.]

In re SYLVESTER WILLIAMS on Habeas Corpus.

**Counsel**

Sylvester Williams, in pro. per., and Steve L. Bedient, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Edmund D. McMurray and Willard F. Jones, Deputy Attorneys General, for Respondent.

**Opinion**

**PUGLIA, P. J.**—Petitioner was convicted and sentenced to prison on July 10, 1974, for violation of Health and Safety Code section 11350 (possession of heroin) with a prior 1954 conviction for violation of former Health and Safety Code section 11500 (at that time embracing possession, transportation, sale and furnishing of a narcotic). His conviction was affirmed in an unpublished opinion filed January 17, 1975, by the Court of Appeal, Second Appellate District. A hearing was denied by the Supreme Court on March 12, 1975.

Petitioner is serving an indeterminate term of imprisonment from 5 to 20 years. By force of the mandatory minimum term of incarceration imposed upon a recidivist narcotic offender, he is ineligible for parole until five years have been served. (Health & Saf. Code, § 11350, subd. (b).)[1] Accordingly, petitioner's minimum eligible parole date has been fixed at January 22, 1979, after allowing 168 days credit for prejudgment incarceration. (Pen. Code, § 2900.5.)

██ Petitioner contends that the five-year mandatory restriction upon parole eligibility constitutes cruel and unusual punishment. (Cal. Const., art. I, § 17.) We grant relief.

This is the second time we have been called upon to determine the constitutionality of the parole ineligibility feature of a Health and Safety Code section dealing with possession of a narcotic by a second offender (Health & Saf. Code, § 11350, formerly § 11500). In our first effort, relying on *In re Foss* (1974) 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], we held the provision in former section 11500[2] "precluding a second offender from parole consideration for a period of five years, without statutory regard to the existence of such mitigating circumstances as possible addict status of the offender and the quantity of narcotics involved in the offense for which he was tried as well as in the prior offense, is cruel and unusual punishment in violation of the California Constitution." (*In re Carter* (1975) (Cal.App.).) The precedential effect of our holding died aborning. On January 15, 1976, the Supreme Court denied a hearing but inexplicably ordered the opinion not to be published in the Official Reports (rule 976(a), Cal. Rules of Court). Hence, petitioner Carter was relieved of the burden of an unconstitutional sentence but others similarly situated, such as the instant petitioner, were not.

Were it not for the special parole disability imposed by section 11350, petitioner Williams' parole eligibility would be governed by Penal Code section 3049. Under that section, Williams would be eligible for parole after serving one-third of his 5-year (60-month) minimum sentence, i.e., 20 months after commencement of service of sentence adjusted for prejudgment incarceration. Under that formula, Williams' minimum

---

[1]The provision for mandatory parole ineligibility for a period of five years was deleted effective January 1, 1976. (Stats. 1975, ch. 1087, § 1.) Petitioner does not benefit therefrom because his conviction was final before the effective date of the repealer. (*In re Pine* (1977) 66 Cal.App.3d 593 [136 Cal.Rptr. 718].)

[2]At the relevant time, Health and Safety Code section 11500 condemned only the substantive offense of possession of a narcotic other than marijuana.

eligible parole date would be September 22, 1975, instead of January 22, 1979.

In January 1977, petitioner applied to the Sacramento Superior Court for a writ of habeas corpus. Relying on *In re Grant* (1976) 18 Cal.3d 1 [132 Cal.Rptr. 430, 553 P.2d 590], petitioner leveled the same constitutional attack as is raised here against the recividist parole restriction of section 11350. The superior court denied relief, advising petitioner first to exhaust his administrative remedies (*In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286]). Thereafter, petitioner sought administrative relief from the correctional authorities. This too was denied in February 1977, the prison authorities informing petitioner: "You were convicted of violation . . . of Section 11350 H&S Code . . . . The Grant Decision does not affect your case."

In *In re Grant, supra,* 18 Cal.3d 1, the petitioner had been convicted of sale of marijuana (former Health & Saf. Code, § 11531, now § 11360) with two prior felony narcotic convictions charged and proved. He was thus subject to the provision of former Health and Safety Code section 11531 restricting parole eligibility until the 10-year minimum term had been served. The Supreme Court, six members concurring, held this provision imposed both cruel and unusual punishment in violation of the California Constitution. (*In re Grant, supra,* at pp. 4-5, 18 (conc. and dis. opn. of Sullivan, J.).) However, the opinion of the court did not stop there. It undertook "to review the entire scheme of Health and Safety Code provisions precluding parole consideration for recidivist narcotic offenders." (Pp. 7-8.) So doing, it concluded "that those provisions . . . which preclude parole consideration for a minimum of five years or more for recidivist narcotics offenders constitute both cruel and unusual punishment in violation of California constitutional proscription. (*People* v. *Foss,* 10 Cal.3d 910, 929 [*sic*].)" (Fn. omitted.) (*In re Grant, supra,* at pp. 8, 16.)

At first blush, the opinion of the *Grant* court would seem to resolve the constitutional query raised by this petitioner in his favor. But, alas, the lead opinion was signed by but three justices of the court. ▮ Therefore, to the extent the opinion ranged beyond a consideration of the particular Health and Safety Code section there in issue (former § 11531, now § 11360), it is bereft of precedential authority. (Cal. Const., art. VI, § 2; see *Farrell* v. *Board of Trustees* (1890) 85 Cal. 408, 415-416 [24 P. 868].) The prison authorities correctly assessed the impact of *Grant* on convictions other than for sale of marijuana and refused to apply it to

petitioner's case. Thus we must once again address the issue decided by this court one and one-half years ago in *In re Carter.*

The tripartite test for constitutional disproportionality of punishment employed in *In re Foss, supra,* 10 Cal.3d 910, has since been applied to many of the parole restriction provisions contained in division 10 of the Health and Safety Code. (See *In re Grant, supra,* 18 Cal.3d at p. 6, fn. 4.) However, we do not consider that our task requires us to retrace the same analytical track. Nor are we called upon to decide whether the punishment imposed upon petitioner shocks the conscience or affronts fundamental concepts of human dignity. Because we are bound by the *Foss* case, the exercise we must perform is not analytical but mechanical, a mere formalism.

The petitioner in *Foss* had been convicted of furnishing heroin (former Health & Saf. Code, § 11501, now § 11352) with a prior felony narcotic conviction charged and proved. He was sentenced to prison for a term from 10 years to life and, as a repeat narcotic offender, was ineligible for parole until 10 years had been served. The Supreme Court held the parole restriction constituted cruel and unusual punishment under the California Constitution. (*In re Foss, supra,* 10 Cal.3d at p. 917.) As a result, *Foss* and all other once previously convicted narcotic sellers or furnishers who were ineligible for parole for 10 years will now be considered for parole under the generally applicable provisions of Penal Code section 3049 upon service of one-third of the minimum 10-year (120-month) sentence. Thus a *seller* of heroin with one prior narcotic conviction may be paroled after serving 3 years and 4 months (40 months). Petitioner, as a *possessor* of heroin with one prior narcotic conviction, is ineligible for parole for 5 years (60 months).

The anomaly is immediately apparent if it is assumed that sale or furnishing of a narcotic is deserving of more severe punishment than possession of the same narcotic. We need not indulge that assumption, however, because the Legislature has so ordained through the harsher penalties it has imposed for sale than for possession of a narcotic. However, the *Foss* holding has destroyed the symmetry of the legislative scheme by which the relative seriousness of narcotic offenses is reflected in gradations of punishment. Thus, so far as parole eligibility is concerned, the punishment now imposed upon a possessor of narcotics with one prior narcotic conviction is significantly more severe than that imposed upon a seller who has suffered one prior narcotic conviction. Paradoxically, the seller's crime, while of the same species as possession,

has been designated by the Legislature as the more serious of the two. We conclude therefore that the provision of section 11350 of the Health and Safety Code precluding parole consideration for five years is contrary to article I, section 17, of the California Constitution as interpreted and applied in the *Foss* case. We further conclude that the unconstitutional portion of section 11350 is severable from the remainder of that section so that petitioner is now lawfully imprisoned under a valid indeterminate sentence of from 5 to 20 years.

The Adult Authority is directed to grant parole consideration to petitioner without regard to the five-year mandatory minimum period of ineligibility therefor imposed by Health and Safety Code section 11350. The petition having served its purpose, it is denied and the order to show cause is discharged.

Janes, J., and Reynoso, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 22, 1977. Sullivan, J.,\* participated therein. Mosk, J., Clark, J., and Richardson, J., were of the opinion that the petition should be granted.

---

\*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.