[Crim. No. 43724. Second Dist., Div. Six. Feb. 9, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT VILLASENOR, Defendant and Appellant.

**COUNSEL**

Dennis L. Cava under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gary R. Hahn and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**GILBERT, J.—**██ Here we hold that Penal Code section 667 is constitutionally valid.

Appellant Robert Villasenor appeals a judgment of conviction following his plea of nolo contendere to a charge of robbery, his admission to using a knife while committing the robbery, and his admission to having suffered a prior robbery conviction.

Villasenor's sentence of nine years in state prison was based on three years on the middle base term for robbery, plus one year for an enhancement per Penal Code section 12022, subdivision (b), plus five years for the prior robbery conviction per Penal Code section 667.[1]

His sole contention on appeal is that Penal Code section 667 is unconstitutional because it constitutes cruel and unusual punishment and violates due process of law.

---

[1]Penal Code section 667 provides in pertinent part as follows: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. . . .

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of section 1192.7."

Penal Code section 1192.7, subdivision (c) of the Penal Code states: "As used in this section 'serious felony' means any of the following: [¶] (1) Murder of voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, or threat of great bodily harm; (5) oral copulation by force, violence, duress, menace, or threat of great bodily harm; (6) lewd acts on a child under the age of 14 years; (7) any felony punishable by death or imprisonment in the state prison for life; (8) any other felony in which the defendant inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant uses a firearm; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing great bodily injury; (17) exploding a destructive device or any explosive with intent to murder; (18) burglary of a residence; (19) robbery; (20) kidnapping; (21) taking of a hostage by an inmate of a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) any felony in which the defendant personally used a dangerous or deadly weapon; (24) selling, furnishing, administering or providing heroin, cocaine, or phencyclidine (PCP) to a minor; (25) any attempt to commit a crime listed in this subdivision other than an assault."

In particular Villasenor argues that the statute is constitutionally defective because it does not recognize significant gradations of culpability and does not take into consideration mitigating factors. (*In re Grant* (1976) 18 Cal.3d 1, 11-13 [132 Cal.Rptr. 430, 553 P.2d 590]; *In re Foss* (1974) 10 Cal.3d 910, 923 [112 Cal.Rptr. 649, 519 P.2d 1073].)

Although a defendant twice convicted for murder receives the same mandatory enhancement under the statute as a defendant twice convicted for selling narcotics to minors, this disparity is neither arbitrary nor oppressive. As the People correctly point out, the same enhancement time does not mean the same punishment time for defendants twice convicted for different offenses. The punishment imposed on the second time murderer, for example, is greater than the maximum punishment imposed for the second time seller of drugs to minors.

*In re Grant, supra,* 18 Cal.3d 1, cited by Villasenor, is inapposite to the case at bench. In the *Grant* case, defendant was convicted for sale of marijuana under Health and Safety Code section 11531, which provided that if a person were convicted of that section and had a previous conviction "of any felony offense described in this division or Section . . . 11912, . . ." he would not be eligible for parole until he had spent five years in prison. If the person had two prior convictions "of any felony offense described in this division or Section . . . 11912 . . ." he would not be eligible for parole until he had served at least 10 years in prison. A prior conviction for possession of a small quantity of marijuana would trigger the operation of the 10-year prison sentence. The court relying on the principles set forth in *In re Foss, supra,* 10 Cal.3d 910, found the statute to be unconstitutional. The court found that the absolute preclusion of consideration for parole where significant gradations of culpability exist within the primary offense, as well as the penalty enhancing prior offenses, was arbitrary. It was also unusual in severity by comparison with punishments levied in the state for far more serious crimes.

In the instant case, the offenses which bring Penal Code section 667 into play are all serious felonies. The statute has a reasonable and proper purpose in discouraging persons who commit serious felonies from doing it again. Villasenor committed armed robbery and then again committed robbery with the use of a deadly weapon. We fail to see how the commission of the serious crimes listed in Penal Code section 1192.7 can involve the kinds of mitigating circumstances that might occur in the "acts of substantially less consequence" which the court discusses in *In re Grant, supra,* 18 Cal.3d 1, 10. Here, the law is not "unreasonable, arbitrary, or capricious," but has "a real and substantial relation to the object sought to be obtained."

(Citations omitted) (*Gray* v. *Whitmore* (1971) 17 Cal.App.3d 1, 21 [94 Cal.Rptr. 904].)

In *In re Lynch* (1972) 8 Cal.3d 410, 425-429 [105 Cal.Rptr. 217, 503 P.2d 921], our Supreme Court set forth three techniques to use in determining whether a punishment is constitutionally proscribed when it is disproportionate to the offense. The first examines "the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society." (*Id.,* at p. 425.) Here, only serious, and mostly violent, felonies bring into play the statute. An application of the first technique to the crimes committed by Villasenor and to those listed in the statute, establishes that these crimes are obviously dangerous to society.

The second technique involves the comparison of the punishment with punishments imposed in the same jurisdiction for offenses deemed more serious. The third involves a comparison of the punishment with punishments prescribed in other jurisdictions for the same offense. Villasenor has offered no such comparisons under the second and third techniques stated in *In re Lynch.*

"A punishment may violate Cal. Const., article I, section 6, if, although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch, supra,* 8 Cal.3d 410, 420-424.)

Our application of the *Lynch* techniques to the case at bench lead us to conclude that the punishment is proportionate to the offense and has a direct relation to the culpability of the defendant. The nature of the crimes that bring into play Penal Code section 667, so that a five-year enhancement will apply to the sentence, in no way offends fundamental notions of human dignity, but rather reflects a reasonable and justifiable attempt by the electorate both to discourage recidivism and to punish those who commit serious offenses.

The judgment of conviction is affirmed.

Stone, P. J., and Abbe, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 4, 1984.